Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error brings before us for revision, a judgment for damages, obtained by Joshua D. Grant against Masterson Ogden, in an action of covenant, on a writing, signed by both parties, on the 28th of September, 1835, and reciting that Grant had, on that day, conveyed to Ogden a certain tract of land, containing one hundred and eleven acres and a fraction, “with this understand- “ ing and agreement between the parties, that the said “ Ogden is, as soon as possible, to sell said land for the “ best possible price, and dispose of the money arising “ from the sale, by paying himself eleven hundred and “ twenty seven dollars and forty five cents,” acknowledged to be due to him from Grant, and the residue to the latter, or to his order; and stipulating, also, that Ogden should dismiss a suit then pending between himself as plaintiff, and Grant ás defendant, and “deliver up” a r r mortgage previously given by Grant to Rice, Crosby, and himself.
The breach assigned, was an alleged failure to sell the land.
Having overruled a demurrer to the declaration, and sustained a demurrer to a plea, averring that Grant had prevented Ogden from selling the land, by mortgaging his interest therein to a stranger, after the execution of the conveyance to himself, the Circuit Judge instructed the jury, on the trial, that the legal “measure of damages” was the difference between the sum due to Ogden, and that for which he might have sold the land when he first had an “opportunity” to sell it, “for a rea *474 sonable and fair price;” and verdict and judgment were thereupon rendered for thirteen hundred and eighty seven dollars and thirty seven cents, in damages.
The only effectual remedy for the covenantee, where the trustee fails to make tbo sale, is by bill in ch’y, to enforce the trust, and recover dam ages for the failure, or delay in the execution of it. For — ■
While the land remains unsold, it cannot be known that it may not still be sold for even more than it would previously have sold for; & therefore, only nominal damages can be recovered, for a 'failure to make the sale
The act of 1820, which declares that no sale shall 'be made, or title pass, by any conveyance hy virtue of any -deed of trust with power to sell, without a decree for a sale, or unless the grantee in the deed of trust shall join in the conveyance,-should not be applied where the grantor, for his own benefit, has exacted a covenant to sell. And where the power to sell is given by the deed of trust, the trustee may execute it,, unless the grantor.' opposes it, or refuses to join in the conveyance. And held. that, where there, was a power to sell, and a covenant by the trustee to sell, on which the grantee brought suit; for the trustee s failure to sell, no averment that the grantor had consented to the-sale, was necessary; and a plea, that, the gran,tor, having mortgaged his interest, had deprived', himself of the power to consent, is insufficient. Themort- , gagee took subject to the deed-of trust, and had - no right to obstruct a sale under it.
*474 The circuit Judge seems to have supposed, that the constructive effect of the contract between the parties, was, that an indefeasible title to the land had been conveyed to Ogden, and that Grant had a right to hold him responsible for whatever it could be promptly sold for, deducting the debt of eleven hundred and twenty seven dollars and forty five cents.
But, in that opinion, it seems to us that the circuit Judge erred.
The recitals in the covenant clearly show, that it was executed simultaneously with the conveyance of the land, and was intended to operate as a defeasance thereof. Both documents should therefore be considered together, as constituent parts of one entire contract. And thus considering the contract, there can be no doubt that the land was conveyed to Ogden, not absolutely as his own, but merely in trust for the purpose of being sold by him as a trustee, for securing his own debt, and paying the residue of the avails of the sale to Grant, as residuary cestui que trust. Consequently, though Grant might, by an action at law on the covenant to sell the land, recover damages for any special loss which may have resulted to him in consequence of a failure by Ogden to execute his power according to his undertaking, yet he has no right to elect, in any such action, to recover the value of the land, less by the debt due to Ogden, and thereby convert the deed of trust into an absolute conveyance, uncoupled with any condition or trust,>and thus compel Ogden to hold the land as his own, and pay the assessed value of it.
Grant’s most appropriate, and only sure and safe remedy, was a bill in chancery for enforcing the trust, and obtaining indemnity for any injurious delinquency by the trustee. And, considering the entire contract as one of trust, it would be difficult, perhaps impossible, to ascertain whether any actual damage has accrued to Grant, and, if any, how much, in consequence of Ogden’s alleged delinquency, before the power shall have been *475 executed by a sale of the land; for, until a sale shall have been made, no person can know whether the amount to be yielded by it, will be greater or less than that which might have been made by a more prompt execution of the power to sell. And, therefore, we are inclined to the opinion that, until the power to sell shall have been executed, either voluntarily or compulsively, Grant cannot, in an action for á breach of the covenant to sell, recover more than nominal damages. After an execution of the power, if Grant shall have been injured by any culpable delinquency by Ogden, in not having made an earlier sale, we should have no dou^t that he might, in an action of covenant, be entitled to recover whatever damage he shall, be then found to have sustained. But the actual execution of the power — which. may be yet coerced by Grant — will afford the only sure criterion for determining the extent of damage which may have arisen to him, from a non-execution of it sooner; for possibly the land may hereafter be sold for a much higher price, than it would have hitherto commanded.
We are, therefore, of the opinion that there was error in the instruction given to the jury, and consequently, also, in the final judgment rendered by the Court below.
The plaintiff in error insists,, moreover, that the declaration is insufficient, because! it does not aver that Grant had given his assent to a sale by Ogden, and that the plea, to which we have before alluded,-,was good,' because it shows that Grant had divested himself of power to authorize a sale, which, as argue'd, could not," be legal, according to the second section of an act of 1820 (Stat.Law, 449,) without, either the consent of the beneficiary, or a decree of Court.
In this view, however, we do not concur. The second section of the statute of 1820, supra, was enacted for the benefit of persons who convey estates in trust with power to sell,, and should not, as we are inclined to think, be applied to cases in which the party conveying has not only given a power to sell, but has, for his own advantage, exacted a covenant to sell. And we are, also, of the opinion that, as the statute only requires the *476 party, giving a power to sell, to join in the conveyance by the trustee, and declares that the title shall not pass to any purchaser from the trustee, without such concurrence and co-operation, the trustee may legally execute the power to sell, unless the grantor shall oppose the sale, or shall refuse to join in the conveyance to the purchaser. The power given to sell, implied as much assent to a sale, as could have been given before a conveyance by both Grant and Ogden to a purchaser from the latter; and even had Grant directed Ogden to sell, he might, nevertheless, have afterwards refused to join in a conveyance to the purchaser: and therefore, unless he had expressed some opposition to a sale, or a determination not to unite in a conveyance, it was Ogden’s duty to sell as soon as he could. It was not necessary, therefore, for Grant to aver,, either that he had requested Ogden to sell the land, or that he had not been opposed to a sale of it. But, if there had been any such opposition, it was incumbent on Ogden to show it as an excuse for not selling. And this was not shown by the fact, that Grant had, subsequently to the date of the conveyance to Ogden, mortgaged his equity to a stranger. That mortgagee took subject to the prior deed of trust, and to the power therein given, and acquired no legal right to control or obstruct the execution of that power. And even if he, instead of Grant, had the right to join, or refuse to join, in a conveyance by the trustee, to a purchaser under a deed of trust, his unwillingness to unite in any such conveyance has not been averred, and should not be presumed.
We are, therefore, of the opinion that the declaration shows a legal cause of action for nominal damages at least, and that the plea we have been considering is not good.
But for the error in the instruction given to the jury, the judgment of the Circuit Court must be reversed.
It is therefore considered, that the judgment be re. versed, and the cause remanded for a new trial.