### THE STATE v. MAHAN & HENRY.

1. Betting on the result of an election, *after* the election has been consummated, is not within the statute of 1830. (Aikin's Digest 209, S. 49.)

2. When an offence is created by statute, in general, it is sufficient for the indictment to charge the offence in the terms used in the statute; but if superfluous allegations are added, and these show a case not within the statute, the indictment is bad on demurer.

Question referred by the Circuit Court of Bibb County, as novel and difficult.

INDICTMENT for betting on an election; the charge as stated is, that the defendant " *on the 10th day of October*, 1839, did bet promissory notes upon the result of an election in this State, to wit : upon the election for representative in the Congress of the United State from the Congressional district including the County of Bibb, to wit : the third Congressional district of the State of Alabama—*held on the 1st Monday of August, 1839.*" The defendant demurred to the indictment ; the demurrer was overruled, but the question of law reserved for the decision of the Supreme Court.

THE ATTORNEY-GENERAL, for the State.

PECK, for the defendants.

GOLDTHWAITE, J.—1. This indictment is supposed to be authorised by the act of 1830, which is in these terms, " any person or persons, who shall make any bet, or wager of money, or any other valuable thing, upon any election or elections in this State, shall be guilty of a misdemeanor." The practice of wagering with respect to an election, is one very well calculated to affect the purity of the elective franchise, and is the one which the statute was intended to suppress; but there is a wide distinction between betting on the result of an election, which has been consummated, and one which is in progress. In the former, however much the feelings of indi-

The State v. Mahan & Henry.

viduals may be or have been excited, their action cannot be influenced either directly or indirectly by any wager, which they may make; the election is determined, although it may not be known who is elected.

In the latter, not only the feelings, but also most frequently, the action of those who bet are strongly influenced by the wager. In our opinion, the statute applies only to those who bet on the result of an election, which is not consummated.

2. It is insisted, however, that under the allegations of this indictment the State might properly, and probably did, prove a betting by the defendants, previous to the time, when the election was held.

Whatever may have been the proof at the trial, the question now presented, relates solely to the sufficiency of the indictment; the defendants submit, that they are not amenable to punishment, if all the allegations of the charge are admitted to be true. In general, it is sufficient for the indictment to charge the offence in the terms of the statute, but if superfluous allegations are added, and these show a case not within the statute, the several allegations then become repugnant to each other, and the indictment is bad on demurrer. [King v. Stephens et al., 5 East 244.]

This indictment is not, however, repugnant in the ordinary sense of that term; for all the allegations are consistent with each other, though repugnant to the idea, that the defendants are guilty under the statute. The charge is, that they, on the 10*th of October*, 1839, made a wager upon the result of an election, which was consummate on the 1st Monday of August before.

This, as we have already shown, is not within the statute, the demurrer should therefore, have been sustained.

Let the judgment be reversed and here rendered for the defendants.