## Shipp *vs* Bowmar and Freeman.

ERROR TO THE WOODFORD CIRCUIT.

*Femes covert. Cestui que trust.*

JUDGE MARSHALL delivered the opinion of the Court.

In 1832 Richard Fox conveyed a tract of land to Bowmar and Freeman, "in trust for the sole use and benefit of his daughter-in-law, Sarah Ann Fox, wife of his son, Richard L. Fox, and her heirs forever," and upon her death, the Trustees, upon being required, are directed to convey to the child or children of said Richard L. and Sarah Ann. In 1837, Richard L. and Sarah Ann Fox, by deed duly executed and authenticated, and upon privy examination as to the wife, conveyed the same land to Edmund Shipp and his heirs. The consideration is left blank in the deed, but four thousand dollars is acknowledged in a previous contract between R. L. Fox and said Shipp, to have been received by Fox, and two thousand dollars were stipulated to be paid at a future day, but the last payment not to be made and two thousand dollars of the sum paid in hand to be refunded, if Fox should fail to cause a good title to be made to Shipp under a sale expected to be decreed by the Court on the petition of Fox and his children against the Trustees. The possession was delivered to Shipp, who has retained it ever since. But in 1841, the Trustees recovered a judgment in ejectment against him for the land; and to enjoin that judgment he filed this bill, setting up the above mentioned deeds and contract, as vesting in him the equitable interest of Mrs. Fox, which he alledges to be for her life, and praying for a conveyance from the Trustees, or an injunction against the judgment. Upon the hearing the injunction which had been granted was dissolved, and the bill dismissed; and the sole question for our consideration is, whether the use and interest intended to be secured to Sarah Ann Fox by the deed of Richard Fox to the Trustees, could be, or was transferred by the deed of

SHIPP
vs
BOWMAR, &c.

A conveyance by
husband and wife
of land conveyed
to Trustees for
the separate use
of the wife, duly
recorded on pri-
vy examination,
will be effectual
to pass the title
of the wife in
the trust estate,
without the co-
operation of the
Trustees.

said Sarah Ann and her husband, upon a consideration paid to the husband.

In the case of *Whittaker* vs *Blair*, (3 *J. J. Marshall*, 236,) this Court expressed the decided opinion that in case of land being conveyed to a Trustee for the use of a *feme covert*, though not creating a separate estate, the equitable interest of the wife would be passed by the deed of herself and husband, duly executed and recorded, on privy examination of the wife, according to the requisitions of the statute of conveyances. And if it be true that by the creation of a separate estate in the wife, she is invested with a more absolute dominion and control over the estate and her interest in it, there would seem to be no room for doubting that by such a deed her interest in an estate, secured to her separate use, might and would be transferred without the co-operation of the Trustees.

The general doctrine of the English authorities is, that in equity a *feme covert* is treated as a *feme sole*, in regard to her separate property . The decisions on the subject were, however, regarded as so uncertain and contradictory by Chancellor Kent, in the case of *Methodist Episcopal Church* vs *Jaques*, (3 *Johns. Chy. Rep.* 113,) as to leave him at liberty to adopt what he considered to be the true principle of these settlements upon *femes covert*, which is, as he states it, that instead of considering the wife as a *feme sole*, to all intents and purposes, as to her separate property, she ought only to be deemed a *feme sole, sub modo,* or to the extent of the power given by the settlement; and that she has no power but what is given her by the settlement, and to be exercised only in the mode prescribed. The decree of the Chancellor founded on these opinions, was reversed in the Court of errors of New York; and various dispositions in favor of the husband, which the wife had made of her separate estate, otherwise than in the mode designated in the deed of settlement, were held valid. It is to be observed, however, that the final decision of that case may have rested, to some extent, upon its own peculiar circumstances. The estate having been the property of the wife before her marriage ; and the deed having been made by her be-

fore marriage with the declared object of preserving it to her sole use, benefit, and disposal. And although deed and will were specified as modes of disposition, there were no words implying a restriction as to other modes; (17 *Johns. Rep*, 576 to 597.)

It was said by this Court, in *Whittaker* vs *Blair*, that the weight of authority was with the decision of the Court of Errors, but the reason and force of principle involved was with the Chancellor, whose decree was reversed.

Confining this observation to the general questions discussed in the case, we need not dissent from this opinion of our predecessors; although while denying the universality of the principle that a wife, with respect to her separate estate, should be treated in all respects as a *feme sole*, we might still consider the final decision of the case by the Court of Errors, as authorized by a fair construction of the deed itself. Where the deed creates or reserves a separate use to the wife, to be at her sole disposal, the designation of a particular mode of disposition in another part of the deed, might be understood as not being intended to be restrictive, and especially when the deed is made by the wife herself, before marriage, and conveys her own property. But where the deed conveys land of a third person, in trust for the sole use of the wife, without expressing either in general terms or by the designation of any particular mode of disposition, that it is to be at her disposal, then unless the law upon the mere creation of such a use in the *feme*, invests her with the general power of disposition, as if she were a *feme sole*, we should think it clear that she could not, in the first case, dispose of her interest in any mode, by her own separate act, independent of her husband, and that in the second case she could only dispose of it separately in the mode pointed out in the deed. It is upon this question whether the absolute right of disposition as a *feme sole*, attaches merely upon the creation of separate use in the wife, without express power of disposition, general or special, that the radical difference between Chancellor Kent and the two Judges who alone delivered opinions at large in the Court of Errors, is understood to consist.

Upon this question, so far as it depends upon reason and principle, our predecessors in this Court have expressed their concurrence with Chancellor Kent. We also understand his opinion to have been adopted in South Carolina, by a concurrence of three out of five Judges, (3 *Equity Rep. S. C.* 447.) And in the case of *Johnson's Trustees* vs *Yates, &c.* in this Court, (9 *Dana,* 500,) it was decided that under a conveyance of land by a third person to a Trustee, in trust for the sole and separate use of Mrs. Yates and her heirs forever, without any express power of disposition, a subsequent deed, executed by the Trustee and the husband and wife, but not acknowledged by her upon privy examination, was on account of that defect, ineffectual to create a new limitation of the use after her death, or to give her a new power of separate disposition by deed or will. But it was impliedly conceded in that case, that had this second deed been duly acknowledged by Mrs. Yates, and recorded as required by the statutes regulating the mode of conveying land by married women, it would have been effectual for all its purposes. The case in the particulars first referred to, stands upon the assumption that under the 7th and 8th sections of the statute of 1748, the deed of a married woman is not effectual to pass her interest in lands, unless upon privy examination duly recorded, and that whether this provision be or be not applicable to her conveyance made under an express power, it is applicable to her conveyance where the sole use has been reserved to her without an express power; and as to the concession that her interest under such a deed may be conveyed by her deed duly acknowledged and recorded, it stands upon the ground that by the subsequent statutes regulating conveyances, the deed of a married woman, acknowledged upon privy examination, and therewith recorded as required, shall be as effectual for every purpose, as if she were a *feme sole.*

From these positions, and especially from the last, we see no reason to depart. And although it be admitted that the grantor, conveying land in trust for the sole use of a married woman, may secure the rents and profits to her during life, without power of anticipation. Yet, as in

virtue of the statutes last referred to, she can convey her land or any interest therein, as if she were a *feme sole*, and as a *feme sole* might undoubtedly pass her interest in land conveyed to her sole use, without restrictive words, it follows that a *feme covert* has the same power, by pursuing the statute of conveyances, though no express power of disposition be declared in the deed creating the trust for her use.

We are of opinion, therefore, that the deed of Sarah Ann Fox and her husband, set up by the complainant in this case, was effectual to vest in the grantee her interest in the land, which is a use for life. And that the Trustees had no more right to take the possession from him, than they would have had to take it from her. The statutes of 1748 applies only to the conveyance of the title, and not to the disposition of the price of the land. And the Trustees are not required or authorized by the conveyance to them, to restrict the wife in the disposition of the price, or in the use which she may chose to make of the land or of its produce or proceeds. The Court, therefore, should have decreed an injunction against the judgment at law during the life of Mrs. Sarah Ann Fox, and the decree dismissing the bill is reversed, and the cause is remanded, with directions to decree accordingly.

*Goodloe* for plaintiff: *Harlan & Craddock* for def'ts.

A *feme covert* to whom separate use land, has been conveyed to Trustees, may in connection with her husband, convey by deed duly recorded, upon privy examination, her interest therein.