## BONNEAU v. DICKINSON & CO.

1. A plea in abatement because of a variance between the writ and declaration, is good, if the prayer is "of the writ and declaration, and that the same may be quashed."

Error to the Circuit Court of Lowndes.

THE writ in this case is in the name of A. A. Dickinson & Co., who are described in the declaration as being Achilles A. Dickinson and James Jones, partners in trading, doing business under the name and style of A. A. Dickinson & Co. The defendant, Bonneau, craved oyer of the writ, and then pleaded the variance between that and the declaration, in abatement. The conclusion of the plea is, "Wherefore, the said defendant, on account of the said variance, prays judgment of the said writ and declaration, and that the same may be quashed," &c.

The plaintiff demurred to this plea, and the court sustained the demurrer.

This is now assigned as error.

H. J. JUDGE and COOK, for the plaintiff in error, cited Turner v. Brown, 6 Ala. Rep. 866.

LODER, contra.

GOLDTHWAITE, J.—In pleas of this description, the utmost certainty is required, and what in other pleadings is regarded as mere matter of form, in these, becomes matter of substance. One of the requisites of a plea in abatement is, that it shall point out and pray the proper judgment, and here it will be perceived the prayer is, that the writ and declaration may be quashed.

The declaration may be unwarranted in the form it appears, but there is no ground shown for quashing the writ.

Bonneau v, Dickinson & Co.

The plea demands too much, and the decisions show this to be a fatal defect. [2 Saund. 209, d.]

It may be added, we have hitherto considered, on an appeal suit, that a defect of this nature in the warrant of the justice, was no ground of abatement. [Snow & Co. v. Ray, 2 Ala. Rep. 341.]

This, however, is my individual opinion only ; a majority of the court consider the plea as well pleaded, in praying judgment of the writ, as well as of the declaration.

The result of this is, that the judgment must be reversed, and the cause remanded.

COLLIER C. J.—Does not a variance between the writ and declaration abate the *suit*, and not the declaration only, and must not the judgment be thus rendered ? It is said that by departing from his writ, and filing a declaration for a different cause of action, the plaintiff abates it. [1 Bac. Ab. 18.] If the plaintiff has a cause of action conformable to his writ, he may, even after plea, obtain leave to amend his declaration, or after judgment against him on the plea, move to set it aside, and file a proper declaration. The mere abatement or quashing of the declaration, would have no other effect, than sustaining a demurrer to it, and would not affect the writ. If there is any thing in the analogies of the law or precedent, to support a judgment on the plea of variance, which did not impair the action of the writ, I would say, with deference, it has eluded my researches.

ORMOND, J.—It is the settled law of this court, that a variance between the writ and declaration, may be pleaded in abatement ; but if this were a new question, I should be disposed to hold, that such a plea could not be allowed, and that in accordance with the English practice, we ought to refuse *oyer* of the writ, as such pleas are purely vexatious, not calculated to advance the ends of justice, but merely promotive of litigation. But as it is too late now to retrace our steps, it becomes necessary to consider what is the character of the

Bonneau v. Dickinson & Co.

plea, and what is the appropriate prayer, for it is settled law, that in such pleas, the prayer is matter of substance.

The objection here is, that the prayer of the plea should have been to the action of the declaration, and that the writ should not abate.   There is a large class of pleas in abatement, which did not abate the writ, but merely suspended the right of the plaintiff to proceed at that time.   Of this character were the pleas, that the plaintiff had been excommunicated—the parol demurrer of an infant, &c., most of which have become obsolete, and are considered at some leagth by this court, in the case of Crawford v. Slade, 9 Ala. 887.  But it appears to me, this plea cannot be ranged under this head, but asserts that the plaintiff in the writ, and the plaintiff now prosecuting the writ, do not appear to be the same person ; or to speak with more precision, that it appears by the declaration he is not the same person.   This is clearly a variance between the writ and the declaration, and if this has any effect, it must destroy the writ.   If the writ can be looked to for this purpose, what other effect can it have but an abandonment of the writ.   Looking in to Bacon's Ab., title Abatement, under the head of variance between the count and the writ, it is said the plaintiff, by the variance, has abated his own writ, and although the cases cited in support of the text, do not appear to be very strongly in point, I can conceive of no other ground on which it could be held such a matter could be pleaded in abatement, and it follows that it must, if admitted at all, be in abatement of the writ.   It results from this reasoning, that the prayer of the plea is correct.