CASE 46—PETITION EQUITY—NOVEMBER 15.

# Kinslow, &c., v. Grove.

### APPEAL FROM BARREN CIRCUIT COURT.

1. POWER OF EXECUTORS.—Where the executors of a will were empowered by the will to sell certain tracts of land for the support of the testator's widow and infant children, the will providing, however, that there should be a division of all property among the children upon the arrival of the youngest child at full age, the power of the executors to make sale of the land ended when the time fixed for a division arrived.

Kinslow, &c., v. Grove.

2. A COURT OF EQUITY HAS NO POWER TO CONFIRM A PRIVATE SALE OF AN INFANT'S REAL ESTATE made by an unauthorized person, or to order a commissioner to convey to such person in order that he may convey to his vendee.

J. W. JONES FOR APPELLANTS.

1. If it was intended that this action should be brought under the provisions of sub-section 2 of section 490 of the Civil Code, the answer of the guardian should have been as full and complete as a petition should be. (Carpenter & Grigsby v. Strother's heirs, 16 B. M., 296.)

2. If it be contended that the action was a proceeding under the provisions of section 6, article 5, chapter 63, General Statutes, the answer is that the requirements of that statute have not been complied with.

3. While the chancellor has the power, by reason of the statute, to sell the real estate of infants, he has no right to approve a sale already made. (Bill v. Burgess, &c., 15 Ky. L. R., 41.)

GEO. T. DUFF FOR APPELLEE.

1. Where land has been conveyed by title bond or deed, a title afterwards acquired by the vendor will inure to the benefit of his vendee. (Logan v. Steele's heirs 4 B. Mon., 430; Logan v. Moore, 7 Dana, 76; Richardson's Heirs v. Talbott's Ex'ors, &c., 14 B. Mon., 60.)

2. The appellants are protected by a judgment requiring the execution of a bond in double the amount of the debt, interest and cost before a sale can be made, under any circumstances. But they were protected without that judgment, the infant having by a judgment in another suit been divested of all interest in and title to the land sought to be sold.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Amanda J. Buford, widow of G. Y. Buford, in 1890 sold and covenanted to convey a tract of land containing 226 acres, of which her husband had died owner, to Jesse Kinslow and others at the price of $1,130, and this is an action by W. H. Grove, assignee of one of the notes given for pur-

chase money, to recover judgment thereon and to subject the land to satisfy it.

The principal and only defense available, if any, is that she did not have nor can now make a good title to the land.

Mrs. Buford was appointed, in conjunction with another person, executrix of her husband's will, and empowered thereby to sell certain tracts of land, including the one in question, for the support of herself and testator's children; but there was also a provision requiring division between his children of all property upon the arrival of the youngest at full age. It is conceded time for that division had come prior to 1890, and, as the executors had not then made sale of any lands, their power to do so was ended. So that when Mrs. Buford attempted to sell the tract of 226 acres, which was not, however, done in her representative capacity, she did not have title thereto nor any other than probably dower interest in it, the title being in Ora Grove, daughter of testator and wife of plaintiff, W. H. Grove, and Annie P. Brett, infant child and heir of another of testator's daughters, all his other children and devisees having died intestate and childless.

But pending this litigation another action was instituted by Ora Grove, W. H. Grove and Amanda J. Buford, plaintiffs, against William P. Brett, guardian of Annie P. Brett, the infant being made also defendant, in which a judgment for conveyance of the land by commissioner of court to Amanda J. Buford was asked in order that she might make a good title to her vendees. Accordingly, judgment was rendered divesting Ora Grove, her husband, W. H. Grove, and Annie P. Brett of all title to and interest in the land, and for conveyance by commissioner to Mrs. Buford, which was done. And thereafter, she having executed and tendered

in court a deed for the land to defendants in this action, the judgment now appealed from was entered for amount of the note sued on and for sale of the land, or enough thereof to satisfy it·

The decisive question in this case thus arises whether judgment in the action of Ora Grove, etc., plaintiffs, against William Brett, guardian, etc., defendants, was effectual to divest Annie P. Brett of her title to the undivided half of the land. The plaintiffs in that action state, in addition to facts we have recited, that all the estate of G. Y. Buford has been divided and settled between his devisees except, perhaps, a part of personal property; that the land in controversy was sold for a good price and all it is worth in market; that it can not be advantageously divided between the widow and two devisees, and that it would be to their interest, especially that of the infant, to let the sale made by Mrs. Buford stand.

In an amended petition they state the land for several years yielded but little income; that division would greatly impair the value of each share, and it would be to the interest of Annie P. Brett to have it sold and her part of proceeds invested.

Chap. 14, Title 10, Civil Code, relates to sales of real property of persons under disability, and the first section, being numbered 489, provides that a vested estate of an infant or of a person of unsound mind in real property may be sold by order of a court of equity in the conditions therein particularly and precisely mentioned. And, as neither the statute nor public policy authorizes or permits such sale made except by order of a court of equity, it is plain the attempted sale by Mrs. Buford, though made in good faith, was a nullity, and, if so, it logically follows the lower court was without au-

thority to confirm and make it valid, for it has power under section 494, Civil Code, to adjudge in such case a sale by a person as commissioner and cause title of the property conveyed by a commissioner to the purchaser. But nowhere is authority given to the court to order title of the infant or person of unsound mind conveyed to a third person that he may convey, not to a purchaser at a judicial sale, but to the vendee of that person.

It may be the sale in this case was, under the circumstances, proper, and to the interest of the infant, but it is always sufficient reason for reversing a judgment that it is without authority of the law. Besides, to sanction such a departure from the statute as this would lead in many instances to destruction and loss of the estates of helpless infants and persons of unsound mind, for where a private sale has been made there would be generally sufficient pressure brought to bear by those interested in confirming it to show the court it ought to be done.

There might be a case where, in justice to a purchaser in good faith, a judicial sale, though not made in strict compliance with the Civil Code, should be confirmed if the interest of the infant would not be prejudiced, and in good conscience it ought to be done; but we know of no rule of law or right empowering a court of equity to confirm a private sale by an unauthorized person of an infant's real estate. In our opinion, defendants were not required to accept the deed of Mrs. Buford.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.