CASE 57—J. M. LEAK WAS ARRESTED FOR THE OFFENSE OF BETTING ON AN ELECTION.—OCT. 23.

## Commonwealth v. Leak.

APPEAL FROM SIMPSON CIRCUIT COURT.

DEMURRER TO THE WARRANT SUSTAINED AND THE COMMONWEALTH APPEALS. AFFIRMED.

BETTING ON ELECTION—OFFENSE—WARRANT CHARGING CRIME—SUFFICIENCY.

Held: 1. A bet on the result of an election, made after the holding of the election and after the announcement of the result, is not a violation of Kentucky Statutes, 1899, section 1975, punishing the betting on any election held under the State or Federal Constitutions.

2. A warrant charging defendant with having on November 20, 1901, bet on the result of the election for Governor on November 7,

Commonwealth v. Leak.

1901, is fatally defective, in the absence of a specific allegation that the result of the election was not known, where, as a matter of fact, no election for Governor was held in 1901, and the last election preceding the issuance of the warrant, in 1902, was held in 1900, as it will be presumed that the result of the election had been determined and announced at the time of the alleged bet.

L. B. FINN AND C. J. PRATT, FOR COMMONWEALTH.
    (No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The Commonwealth appeals in this case from a judgment of the Simpson Circuit Court sustaining a general demurrer to the following warrant: "Commonwealth of Kentucky. To the Sheriff or Any Constable of the County of Simpson, or Marshal of the City of Franklin, State of Kentucky: It appearing from the sworn statements of J. H. Durbin that there are reasonable grounds for believing that J. M. Leak has committed the offense of betting on an election held, under the Constitution and laws of the State of Kentucky, in Simpson county, Kentucky, committed as follows, to-wit:   The said Leak heretofore, to-wit, on the 20th day of November, 1901, in said county of Simpson, and State aforesaid, did unlawfully and willfully bet and wager money of the value of fifty dollars (his own) with one John Durham upon the election for Governor which was held in and for the State of Kentucky, under the Constitution and laws of the said State, on November 7, 1901, wherein William Taylor was the Republican candidate for said office of Governor, and William Goebel was the Democratic candidate for said office of Governor.   Said money ($50) as aforesaid was wagered against an equal amount ($50) which was bet by the said Durham as aforesaid.   Done as aforesaid against the peace and dignity of the Commonwealth of Kentucky.   You are therefore commanded to arrest the said Leak forthwith, and

bring him before me, or some other magistrate of Simpson county, to be dealt with as the law directs. Witness my hand, as judge of the Simpson County Court, this 3d day of February, 1902. W. S. McClanahan, Judge, S. C. ·C." This warrant was issued for a violation of section 1975 of the Kentucky Statutes of 1899, which reads as follows: "If any person shall wager or bet any sum of money or anything of value upon any election under the Constitution and laws of this Commonwealth, or the Constitution and laws of the United States, he shall be fined one hundred dollars, to be recovered in any county where the party so offending may be found, or where the bet is made." A general demurrer having been overruled, a trial of the defendant under this warrant before the county judge resulted in his conviction, and the infliction of the fine of $100. An appeal was prose· cuted by the defendant from the judgment of the county court to the circuit ·court. Upon the trial of the demurrer in the circuit court, it was held that the facts recited in the warrant did not constitute an offense. In that court the demurrer was sustained and warrant dismissed, and the commonwealth has appealed.

Section 27 of the Criminal Code requires that the warrant of arrest should, in general terms, describe the offense charged to have been committed, and the city or county in which it was committed. And section 124 of the Criminal Code requires that an indictment should be direct and certain as regards the party, the offense, the county, and the particular circumstances of the offense charged, if they be necessary to constitute a complete offense. Encycl. of Pl. & Pr., p. 404, says: "An indictment for betting on an election should state the purpose for which the election bet on was held, and the date of the election, and that it would · be sufficient if the indictment charged that the bet was made

before the result of the election was known, and that it would be sustained by evidence that the bet was made after the election, but before the result was known." In Lewellen v. State, 18 Tex., 538, it was held that a charge that defendant on the 1st day of August, 1844, "bet money upon the result of an election ordered and held in Fayette county, according to law, for the election of a clerk of the district court of Fayette county, in the State of Texas," does not sufficiently specify the time of the election, while the charge that defendant bet that R. would be elected Governor of Pennsylvania, under the Constitution and laws of that State, on the 9th of October in the year 1838, sufficiently alleges the time of the election. See Sherban v. Commonwealth, 8 Watts, 212, 34 Am. Dec., 460. The section of the statute on which the warrant was issued was before this court in the case of Commonwealth v. Avery, 77 Ky., 625, 29 Am. Rep., 429, and it was held there to be a violation of the statute if the bet was made after the election had been held, but before the result had been declared. In that case the defendant relied upon State v. Mahan, 2 Ala., 340, as authority for the position that a bet made after the election on the result thereof was not against the statute. In commenting upon this case, the court said: "The conclusion reached by the court appears to be a correct one, but not for the reason assigned. The demurrer should have been sustained because the indictment showed that the election had been held two months prior to the time the bet was made, but it did not charge that the result was unknown to the parties at the time the bet was made. After such a lapse of time, in the absence of any express allegation to the contrary, the result of the election would be presumed to be known to the parties. In that case there could be no offense against the letter or spirit of the statute."

There is some conflict, but the great weight of the authorities is to the effect that a bet made after the election had been held, and the result' finally ascertained and announced, is not a violation of either the letter or spirit of the statute. But if the result of the election has not been distinctly ascertained and determined, it is a violation of the statute, even if the bet was made after the day on which the election was held. The same technical strictness is not required in a proceeding by warrant as by indictment, and ordinarily a warrant in the form prescribed by the Code sufficiently describes the offense; but, if made to appear to the satisfaction of the court that a defendant can not intelligently make defense, it should be made more specific. But when, as in this case, the facts recited in the warrant show conclusively that no public offense has been committed, the trial court properly sustained a demurrer. No election was held for the office of Governor on the 7th of November, 1901, nor were William Taylor and William Goebel candidates for Governor at that time. The last election for the office of Governor preceding the issual of the warrant, on the 3d of February, 1902, was held in 1900; and, in the absence of a specific allegation to the contrary, the court properly presumed that the result of the election had been ascertained and determined.

For reasons indicated, the judgment is affirmed.