CASE 99.—ACTION BY J. SOL SMITH AND OTHERS AGAINST
MOLLIE STEVENS AND OTHERS TO RECOVER
LAND.—February 28.

# Stevens v. Smith, &c.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for plaintiffs. Defendant Stevens
appeals. Reversed.

1.   Deeds—Conveyance for Specific Purpose—Failure to Carry out
the Trust—Liability of Purchaser—Under Ky. Statutes, sec.
4846, providing that "where lands are conveyed or devised to
trustees or executors in trust to be sold generally, or for any
specific purpose, the purchaser shall not be bound to look
to the application of the purchase money, unless so expressly
required by the conveyance or devise" Where a deed made
to S. recited that "it is made with the understanding and
agreement that S. has the right to sell the land, provided the
money is reinvested in other lands, to be conveyed to S.
during his life and after his death to his children,' a pur-
chaser of the land from S. was not bound to look to the
application of the purchase money paid to S., and is not liable
to the children of S., after his death, by reason of his failure
to reinvest the money as directed in the deed.

C. J. BRONSTON, attorney for appellant.

POINTS DISCUSSED AND AUTHORITIES CITED.

1.   Did the deed of W. B. Smith and others to Geo. W. Smith
in 1882, create a trust in favor of the children of Geo. W. Smith,
which could not be revoked by the parties to that deed?
    (a)   The authorities in support of this proposition are clear,
forceful and uniform. (Mellen v. Whipple, 1 Gray (Mass.) 317;
Davis v. Calloway, 30 Ind., 112; Kelly v. Roberts, 40 N. Y., 432;
Berkshire v. Insurance Co., Hutchings, 100 Ind., 490; Crowell v.

Stevens v. Smith, &c.

Curier, 27 N. J. Eq., 152; Colvin v. Newell, 8 Ky. Law Rep., 959; Jones v. Higgins, 80 Ky., 409; Pitman v. Pitman, 11 L. R. A., 456; McCartney v. Ridgeway, 32 L. R. A., 555; Enos v. Sanger, 37 L. R. A., 862; Hare v. Murphy, 29 L. R. A., 851; Jefferson v. Asch, 25 L. R. A., 257.)

2. Under the power given to Geo. W. Smith, to sell the land, the purchaser was not required to look to the reinvestment of the purchase price. (Section 4846 of the Kentucky Statutes; Sims v. Lively, 14 B. M., 433; Grotenkemper v. Bryson, 79 Ky., 353; Curd v. Field, 103 Ky., 293; Johnson v. Dumeyer, 23 L. R. A., 2243; Walter v. Brugger, 25 L. R. A., 1597; 2nd Perry on Trusts, 801; Wormly v. Wormly, 5 Law Edition, U. S. Supreme Court, 651; Muldrow v. Fox, 2nd Dana, 74; Larue v. Larue, 3 J. M., 159.)

3. The court should have allowed interest upon the $3,000 lien debt, mentioned in the deed, to W. B. Smith, and the time from which interest should have been allowed, was the 2nd day of February, 1889, the time when Geo. W. Smith undertook to pay to W. B. Smith the $3,000 by the execution of a deed of convey- ance and the retaining of a lien for $6,000.

4. The court was certainly in error in adjudging to appellees more than a lien upon the land for the residue of the purchase money after paying the $3,000.·

M. DON FORMAN, attorney foi appellees.

JOHN T. SHELBY and FORMAN & FORMAN of counsel.

POINTS AND AUTHORITIES.

1. The deed of November 13, 1882, was an executed gift of George W. Smith to his children; and being completely executed was irrevocable. (Underhill on Trusts, pp. 42, 43 and 49; Reilly v. Whipple, 2 S. C., 277; Dickerson's Appeal, (Pa.) 8 Atl. Rep., 64; Strenlow v. Vonderhide, 3 Ky. Law Rep., 472; Berry v. Kin- nard, 14 Ky. Law Rep., 578; McCartney v. Ridgney, 32 L. R. A., 563; Note, 32 L. R. A., 457; Bank v. Marksberry, 3 Litt., 276; Brown v. Brown's Adm'r, 4 B. Mon., 538; Gatewood v. Long, 14 Ky. Law Rep., 774; St. Joseph's Orphan Society v. Wolpert, 80 Ky., 86; Gault v. Trumbo, 17 B. Mon., 682.)

(a) An executed gift can be set aside by the donor only upon the ground of fraud or mistake; or by a judgment creditor of the donor upon a return of "nulla bona" in an action instituted within ten years from date of the gift. There is no allegation or evidence of fraud or mistake in this case, nor is any creditor of the donor assailing the gift. (Naper v. George, 79 Ky., 241; Martz v. Pfeifer,

80 Ky., 600; Phillips v. Ship, 81 Ky., 436; Dorcey v. Phillips, 84 Ky., 420; Brown v. Connell, 85 Ky., 403.)

(b) The wife of a father who makes a gift to his children can set it aside only to extent it affects her marital interest in property given. In this case the wife died before the father without ever attempting to set aside the gift to any extent whatsoever. (Manikee's Adm'r v. Beard, 85 Ky., 20; Gibson v. Gibson. 12 Ky. Law Rep., 636; Fennissey v. Fennissey, 84 Ky., 579.)

2. The record discloses no act, conduct, representation, or silence on the part of any of the appellees that may be construed as an estoppel; on the contrary every act done by appellees, as shown by the record, was rather a warning to any purchaser of the trust propery that they had not abandoned their rights under the deed creating the trust.

3. The purchaser from a trustee with notice, actual or constructive, of the trust, purchases subject to the trust; and if the conveyance is in contravention of the terms of the trust the purchaser becomes a constructive trustee, and bound to perform the trust. (Robinson v. Pierce, (Ala.) 72 Am. St. Rep., p. 160 and cases cited in the opinion; Pomeroy's Equity, vol. 2, sec. 626 and 1048; Rogers v. Reid, 14 Ky. Law Rep., 811; Oliver v. Piatt, 3 Howard, 333.)

(a) The purchaser from a trustee of a trust of a defined or limited nature must see that the proceeds of sale are applied to the proper discharge of the trust, even if the instrument creating the trust does not so expressly require, notwithstanding the provisions of sec. 4846, Ky. Statutes. (Groten Kemper v. Bryson, 79 Ky., 353; Curd v. Field, 103 Ky., 293.)

4. The trustee's power of sale in this case was not absolute or unlimited, but on the contrary was limited and conditioned upon a reinvestment of the proceeds of sale for the benefit of the cestuis que trust. The sale and reinvestment were intended to be concomitant and interdependent, the reinvestment being in the nature of a condition precedent or concurrent to the right to sell; and such condition not having been performed the trustee's power of sale was never called into existence, and in consequence no title to the trust property passed under his attempted conveyance thereof, but only the title to his life estate therein, held in his own right. (Sharpley v. Plant, 89 Am. St. Rep., 592; Bent Otero, &c. Co. v. Whitehead, 71 Am. St. Rep., 143; Whippen v. Whittier, 117 Ill., 282; Perry on Trusts, sec. 602; Williams v. Peyton, 4 Wheat, 77; Taylor v. Herring, (note) 19 Am. St. Rep., 280; Powers v. Kuechkoff, 41 Mo., 425, 79 Am. Dec., 281; Sears v. Livermore, 17 Iowa, 297, 85 Am. Dec., 564; Randolph v. East Birmingham Land Co., (Ala.) 52 Am. St. Rep., 64.)

5. An obligation for payment of money which expressly pro-

vides that it shall not bear interest does not bear interest from and after its maturity.

6. Cross-appeal—If reversed upon the original appeal upon the theory that appellees are entitled to an equitable lien on the land and not to the title, or upon the theory that the trust property cannot be followed, in either event it should be adjudged that W. B. Smith is personally liable to appellees under his agreement of February 2, 1889, for the trust fund arising from the sale.

7. Exceptions to a judicial sale made in a partition suit filed by a tenant in common residing upon the land sold and a party to the action, upon the ground that the commissioner's advertisement of sale did not describe by metes and bounds but by reference only, a small tract to be excepted from the land ordered sold, which was described by metes and bounds, are not available to vacate the sale, especially when the location of the excepted tract has been established for a period of over twenty years, and when no evidence is introduced to show that any one was mislead by the advertisement or that the price brought was inadequate. (Jones v. Brown, 7 Ky. Law Rep., 446.)

(a) An undenied allegation of indivisibility must be taken as true. (Stulz v. Fasting, 13 Ky. Law Rep., 172; Booker v. City of Louisville, 76 S. W., 18.)

(b) Illness of owner at the time of a judicial sale presents no ground for vacation thereof. (Booker v. City of Louisville, supra.)

OPINION OF THE COURT BY JUDGE HOBSON—
Reversing.

On November 13, 1882, the brothers and sisters of George W. Smith conveyed to him a tract of land in Fayette county, in consideration of a settlement among the heirs of Solomon Smith and of $3,000 to be paid without interest by Geo. W. Smith to W. B. Smith, one of the grantors. The deed contains, among other things, these words: "This deed is made to said George W. Smith by the parties of the first part with the understanding and agreement thereof, the said George W. Smith has the right to sell the land provided the money is reinvested in other lands to be conveyed to said George W. Smith during his natural life and after his death to his children, and

the land hereby conveyed to said George W. Smith is not to be liable in any way or manner for any debt he may create except the three thousand ($3,000.00) dollars owing to W. B. Smith aforesaid and for the payment of which a lien is reserved.'' On December 2, 1889, Geo. W. Smith and wife conveyed the tract of land to W. B. Smith, and W. B. Smith and wife on March 3, 1891, conveyed it to W. F. and J. O. Mc-Allister, in consideration of $10,122.50; the deed to W. B. Smith having been executed simply for the purpose of selling the land, and without any consideration. Out of the purchase money received from the McAllisters, W. B. Smith was paid his debt of $3,000, but the remainder of the purchase money was not reinvested in other lands conveyed to Geo. W. Smith during his natural life and after his death to his children. On March 1, 1893, McAllister sold and conveyed the land to J. Valentine Stevens, and on October 8, 1901, this action was brought by the children of Geo. W. Smith against Stevens to recover the land from him on the ground that he took no title, because Geo. W. Smith had under the deed only the power to sell the land, provided the money was reinvested in other lands, to be conveyed as therein set out. The circuit court adjudged them the relief sought, and Stevens appeals.

Under the rules of equity it seems that it would be held that under the deed the purchaser would be required to see to the application of the purchase money, and that as Geo. W. Smith had the right to sell the land, provided the money was reinvested in other lands, to be conveyed to him during his life and after his death to his children, he was without authority to make the deed, except upon the conditions named. But the common law rule has been changed in this State by section 4846, Ky. Stats., 1903:

Where lands are devised to be sold on special or gen-
eral trust, or are conveyed or devised to trustees or
executors in trust to be sold generally or for any
specific purpose, the purchaser shall not be bound to
look to the application of the purchase money, unless
so expressly required by the conveyance or devise."

In Johnson v. Dumeyer, 66 S. W. 1025, 23 Ky. Law
Rep., 2243, the land was devised to a daughter of the
testator, and she was given power to sell the land,
but the proceeds of the sale were to be invested in
other real estate and held for certain purposes. It
was held that under the statute above quoted the pur-
chaser was not bound to look to the application of
the purchase money; he not being required to do so by
the will. In Miller v. Stagner, 76 S. W. 160, 25 Ky. Law
Rep. 650, land was devised to a son for life, and he was
authorized to sell it upon condition that the proceeds
were invested in other good property to be held under
certain limitations. The court, after referring to the
case of Grotemkemper v. Bryson, 79 Ky. 353, 2 Ky.
Law Rep. 335, said: "The devisee, Malcolm M. Miller,
although given only a life estate by the will, is author-
ized by it to sell and convey the property. In selling
and conveying he acts as trustee under the will, and
holds the proceeds received for the property also as
trustee. He is authorized to sell and convey upon the
express condition that the proceeds shall be invested
in other good property, to be held under the same
limitation and condition. This condition is imposed
upon the devisee who is charged with the trust of rein-
vesting the proceeds. The land is therefore devised to
a trustee in trust, to be sold for a specific purpose
according to the terms of the statute. and the pur-
chaser is not bound to look to the application of the
purchase money, there being nothing in the devise
vol. 124—49.

expressly requiring him to do so." In Robinson v. Pence, 76 S. W., 368, 25 Ky. Law Rep., 733, the property was devised to the son for life, with remainder to his children. He was authorized to sell the land and reinvest the proceeds in other real estate subject to the same trusts and conditions. The purchaser was held not required to see to the investment of the proceeds of the sale.

These opinions control the case before us. It was manifestly the purpose of the statute to change the common-law rule and to render titles more safe. It is in line with the modern tendency favoring the sale of land and the vesting of absolute titles. The language of the statute is that the purchaser shall not be bound to look to the application of the purchase money unless so expressly required by the conveyance or devise. This literally means that the purchaser is not bound to look to the application of the purchase money unless he is expressly required to do so by the conveyance, or devise. Since the statute was enacted, in order to charge the purchaser with the application of the purchase money, it must be expressly provided in the deed or devise that he is to see to the investment of the purchase money, or there must be other language therein expressly imposing this duty upon him. See Magowan v. McCormick, 10 S. W., 632, 10 Ky. Law Rep., 753. In the case at bar there is nothing in the deed requiring the purchaser to look to the application of the purchase money. The duty of reinvesting the purchase money devolved upon Geo. W. Smith, and the purchaser was not affected under the statute by Smith's failure to reinvest the proceeds of the sale as directed by the deed.

Judgment reversed, and the cause remanded for a judgment as herein indicated.