## Flannery, et al. v. Chiles, et al.

(Decided January 20, 1928.)

### Appeal from Fayette Circuit Court.

1. Infants.—Where a grandfather entered into a contract to sell an undivided interest of his infant grandchildren in the oil under certain land, and thereafter he, the grandchildren, and others brought suit for specific performance of the contract, held, that they were not entitled to specfic performance since, as his contract was an unauthorized one, not made pursuant to statutes

for the disposition of infants' property, it did not bind the infants, and it did not bind the grandfather, as he had assumed no obligation for himself.

2. Infants.—A court of equity could not validate a contract entered into by the grandfather of infants for the sale of their interest in the oil under certain land by giving permission, after such contract was entered into, for the sale of the infants' property, under Civil Code of Practice, sec. 489, subsec. 3, where the original contract was not in conformance with statutes relative to sale of infants' property, as a court of equity cannot validate, by its approval, any disposition made of an infant's property other than in conformity with statutes.

M. C. REDWINE and C. F. SPENCER for appellants.

ROBT. H. WINN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant Hampton Flannery and his wife were the owners of a tract of land in Lee county, Ky. On April 1, 1922, they executed an oil and gas lease, granting unto the lessees the right to develop their lands for oil and gas and reserving one-eighth of the oil as royalty and the payment of a certain specified sum for each producing gas well. Thereafter the wife of Hampton Flannery died intestate and her interest in the royalty reserved was inherited by her children and three infant grandchildren, who were the children of deceased daughters.

Prior to April 23, 1924, appellant Hampton Flannery and his children, all of whom are 21 years of age, sold to the appellee R. A. Chiles an undivided one thirty-second interest in the oil in and under the tract in question, and by written contract between appellant Hampton Flannery and appellee R. A. Chiles, dated April 23, 1924, Flannery undertook to sell to Chiles a proportionate interest of his infant grandchildren in the oil in and under the land. The contract contained the following clause:

"$666.67 has this day been deposited in the Clark County National Bank, of Winchester, Kentucky, in escrow, to be disposed of by said bank under the following terms and conditions: That said bank is directed to pay to the guardian of Herschell and James Bailey, infant children of Kate Bailey, deceased, the sum of $500.00 and to pay to the guardian of Nora E. Osborne, infant child of Pencie Flannery Osborne, deceased, the sum of

$166.67, upon the delivery to said bank of a good and sufficient deed executed by said named infants to second party and upon approval of said deed by second party. Said deed is to be executed and delivered to said bank within twelve months from this date.''

The consideration for the undivided one thirty-second interest in the oil was $4,000, of which amount $3,333.33 was paid in cash and the balance of $666.67 represented the proportionate share of the three infants. Within twelve months from the date of the contract, appellant Hampton Flannery tendered to the appellee R. A. Chiles a deed purporting to convey the undivided interest of the three infants. The appellee Chiles refused to accept the deed, and Flannery and the guardians of the infants instituted this action in the Fayette circuit court, seeking a specific performance of the contract of April 23, 1924.

An amended petition was filed, in which it was alleged that Hampton Flannery obtained title of his three infant grandchildren to the royalty interest described in the contract sued on by purchase under a judicial sale had in the Lee circuit court in an action instituted therein by their guardians under section 489, subsec. 3, of the Civil Code of Practice. The lower court sustained a demurrer to the petition as amended, and, the plaintiffs declining to plead further, a judgment was entered, dismissing their petition, and from that judgment this appeal is prosecuted.

The contract of April 23, 1924, was filed with the petition and must control upon demurrer. By this contract the appellant Hampton Flannery, grandfather of the three infant children, attempted to sell their undivided interests in the oil in and under the land described in the contract, and $666.67, the purchase price agreed upon, was deposited in the Clark County National Bank in escrow, to be paid by the bank to the guardians of the three infants upon the delivery to the bank ''of a good and sufficient deed executed by said named infants to second party and upon approval of said deed by said party.'' The contract was for the sale of the infants' interests for a fixed sum, but it did not obligate Flannery to secure title to the interests of the infants and convey it to Chiles, nor did Chiles agree to buy these interests from Flannery, conceding without deciding that such an agreement would have been valid. Flannery was

not obligated under the contract to do anything. Clearly the infants were not bound by the contract and there was no one against whom the appellee Chiles could have maintained an action for a specific performance of the contract or for damages for failure to perform. He was under no obligation to pay anything to Flannery or to take any conveyance from him. The appellant Flannery, having assumed no obligation under the contract, has no right of action against Chiles, and the infants, through their guardians, have no right of action since the contract, in attempting to sell their interests for a fixed sum, was illegal.

The proceedings had in the Lee circuit court, by which the title of the infants was divested did not validate the contract, nor can a court of equity validate it by its approval. Bill v. Burgess, 22 S. W. 84, 15 Ky. Law Rep. 41; Kinslow v. Grove, 98 Ky. 266, 32 S. W. 933, 17 Ky. Law Rep. 845; Hulsewede v. Churchman, 111 Ky. 51, 63 S. W. 1, 23 Ky. Law Rep. 487; Ford v. May, 157 Ky. 830, 164 S. W. 88.

The chancellor properly sustained a demurrer to the petition as amended, and the judgment is affirmed.