# Gullett et al. v. Bailey.

(Decided January 27, 1931.)

·H. H. RAMEY for appellants.

E. B. ARNETT, LEE ALLEN and J. B. ADAMSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is an action in ejectment to recover possession of a certain tract of land situated in Magoffin county. It was transferred to equity and tried as an equitable action, on an agreed statement of facts, after the issues were made up by proper pleadings of the respective parties.

Both appellant and appellee claim title to the land in controversy under the same deed. In January, 1908, Martha E. Fairchild, designated party of the first part therein, by deed conveyed the land to appellee, Elizabeth Bailey, designated in the deed as party of the second part. The deed is the usual form, except between the description of the land and the habendum clause there is this provision: ''And it is understood that if the parents of Elizabeth Bailey want to sell the above described land to support and educate the party of the second part, they can do so, and if not the parents are to have full control

152

and possession of said land their life time and if the party of the second part deed (die) before the father of the second part then said land goes back to Elizabeth Bailey's father and if the father deed (die) before the mother of the second part then the mother is not to sell said land from the party of the second part."

On December 4, 1914, by virtue of the power conferred by this clause in the deed, J. B. Bailey and Pauline Bailey, the father and mother of Elizabeth Bailey, conveyed the tract of land in controversy, together with another tract, to Isaac Caldwell in consideration of $700, payable one year after date. This deed was duly executed, acknowledged, and delivered by J. B. Bailey and Pauline Bailey to Isaac Caldwell.

On January 16, 1919, the grantee in the above deed, Isaac Caldwell with his wife, Cornelius Caldwell, by deed duly executed, acknowledged, and delivered by them to appellant, conveyed to him the tract of land in controversy, in consideration of $250. The appellee insists that the deeds from Bailey to Caldwell and from Caldwell to appellant are void and pass no title to them.

In the agreed statement of facts it is stated: "There never was any sale of land set out in the deed by any judgment or order of court at the time of the sale and execution of the deed by the father and mother of Elizabeth Bailey to Caldwell; that appellee was an infant and lived with her father and made her home with him; that she received no money or property by reason of the sale of this land by him and her mother; that this action was filed within twelve months after she arrived at the age of twenty-one years."

The trial court adjudged the deeds under which appellant asserts title void, and adjudged the appellee to be the owner of the land under the deed of Martha E. Fairchild. From that judgment this appeal is prosecuted.

There is only one question involved: Did James Bailey and Pauline Bailey, the father and mother of appellee, have authority under the provision in the deed, hereinbefore referred to, to sell and convey the land therein described without first obtaining a judgment of court, Elizabeth Bailey being an infant at the time?

The provision in the deed expressly attempted to confer upon them the power to make a sale and conveyance.

Section 2356, Ky. Stats., provides: "No sale made of any real estate by a trustee, by virtue of a deed of trust, or pledged to secure the payment of debts, shall be valid, nor shall the conveyance by such trustee pass the title of the property specified in such deed or pledge, unless the sale thereof shall be in pursuance to a judgment of court, or shall be made by an assignee under a voluntary deed of assignment, or the maker of such deed or pledge shall join in a writing evidencing the sale." The wording of this section is identical with the statute enacted in 1820 with the exception of this clause: "Or shall be made by an assignee under a voluntary deed of assignment." General Statutes, c. 63, sec. 22.

The act of 1820 is now sec. 2356, Ky. Stats. It has often been construed in other cases as not intended to be universal in its application.

In Prather v. McDowell, 8 Bush (71 Ky.) 57, we said: "That the application of this statute was not intended to be universal in cases of trusts, as its language would seem to imply, has been settled by repeated decisions of this court. It has been construed not to embrace lands held in trust for married women ([Whitaker v. Blair] 3 J. J. Marsh. 236); nor property conveyed in trust for the benefit of the grantor's children ([Shipp v. Bomar] 5 B. Mon. 164); nor of assignments for the payment of debts where the grantor not only empowers the grantee to sell, but exacts from him a covenant that he will sell (Ogden v. Grant, 6 Dana, 476); nor where real property has been conveyed to trustees in satisfaction of the grantor's debts, and in which he has no further interest. (Butler v. Miller, 15 B. Mon. 625.)" In the same case we further said: "We are satisfied that it should not be allowed to control the action of trustees in any case where the grantor in the deed of trust has not a fixed and certain interest either in the property conveyed or in the execution of the trust."

In the present case the deed divested the grantor of all title to and interest in the land, and undertakes to confer on the father and mother of the grantee the power to sell and convey the land described in it. There is no clause in it requiring the grantee to join in the sale and conveyance of the land by them, nor requiring them to apply for, or to secure, the approval of the court of a sale or conveyance made by them. There is nothing in it requiring the parents to obtain the con-

sent of the grantee or of the court before a sale and conveyance by them of the land. So to construe its language as to require an application by the parents for action by the court, before they could execute the power conferred upon them by its language in effect, would nullify and render ineffectual the expressed intention and purpose for which the language was used in the deed. Henriott v. Cood, 153 Ky. 418, 155 S. W. 761.

If the language used in it does not create and vest in the father and mother the power to sell and convey the land therein described, its presence serves no purpose and its insertion therein was idle. The appellee by the deed was vested with title to the land subject to the power of sale and conveyance by her parents, and, when they executed the power therein conferred upon them by actually selling and conveying the land for a valuable consideration, she was bound thereby. To sustain her position the appellee cites and relies upon Ware's Guardian v. Ware et al., 233 Ky. 109, 25 S. W. (2d) 56; Shaw's Guardian v. Grimes et al., 187 Ky. 250, 218 S. W. 447; Flannery v. Chiles, 222 Ky. 649, 1 S. W. (2d) 1040; section 489, Civil Code of Practice.

The Code provision and cases supra, relied upon by appellee, do not apply to the present case. Here the power of sale and conveyance exercised by the parents was created by the deed, which was not the fact in any of the cases, spura. The Ware case deals with the question of the sale of an infant's land in the settlement of an estate. The Shaw case involves subsection 2 of section 490 of the Civil Code of Practice relating to the sale of land. In the Flannery case the father of the infant executed a contract by which he undertook to lease the oil and gas rights in the land owned by the infant. After he executed the contract, he then sought a judgment of the court approving his act.

Under the rulings of this court in a long line of cases cited therein, we held that such contract was invalid; that it did not divest the infant of his title, and that the court was without power to approve or ratify the same. The contract of the grandfather was not executed by authority of an instrument conferring the power upon him to control or lease the land of the infant. It is shown by the agreed statement of facts that no part of the consideration paid to the father and mother for the land conveyed by them to Caldwell has been

received by appellee. Caldwell, the purchaser of the land, was not bound to look after the application of the purchase price of the land, although the deed from the father and mother to him contains this clause: "The last named tract being sold for the benefit of Elizabeth Bailey."

Section 4846, Ky. Stats., expressly provides that the purchaser shall not be bound to look to the application of the purchase money unless he is expressly required so to do by the conveyance or devise.

In Stevens v. Smith, 124 Ky. 780, 99 S. W. 1160, 1161, 30 Ky. Law Rep. 995, after reviewing the Kentucky authorities upon the question, we reached this conclusion: "These opinions control the case before us. It was manifestly the purpose of the statute to change the common-law rule and to render titles more safe. It is in line with the modern tendency favoring the sale of land and the vesting of absolute titles. The language of the statute is that the purchaser shall not be bound to look to the application of the purchase money unless so expressly required by the conveyance or devise. This literally means that the purchaser is not bound to look to the application of the purchase money unless he is expressly required to do so by the conveyance or devise. Since the statute was enacted, in order to charge the purchaser with the application of the purchase money, it must be expressly provided in the deed or devise that he is to see to the investment of the purchase money, or there must be other language therein expressly imposing this duty upon him. See Magowan v. McCormick, 10 S. W. 632, 10 Ky. Law Rep. 753. In the case at bar there is nothing in the deed requiring the purchaser to look to the application of the purchase money. The duty of reinvesting the purchase money devolved upon Geo. W. Smith, and the purchaser was not affected under the statute by Smith's failure to reinvest the proceeds of the sale as directed by the deed."

If the consideration which was paid by Caldwell to her father for the land had not been paid by him to the appellee or expended by him for her, she cannot now assert title to the land against appellant or require him on account thereof to surrender the land to her. If she has any cause of action therefor, it is against her father and not the appellant. For the reasons indicated the judgment is reversed, and cause remanded for proceedings consistent with this opinion.