ROMAN VICTOR BROWNINSKI ET AL. *v.* J. S. PHELPS.

[Abstract Kentucky Law Reporter, Vol. 3—59.]

**Title of Purchaser at Judicial Sale.**

Where all the parties interested in real estate are before the court and the real estate is ordered sold to pay debts, the purchaser secures a good title. A mere irregularity in the failure of the court to appoint a guardian ad litem and to file an answer for minor defendants, while it may be erroneous, will not affect the title of the purchaser whose purchase has been confirmed by the chancellor.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 21, 1881.

OPINION BY JUDGE PRYOR:

All the parties in interest were before the court on the hearing of the original action for the sale of the real estate to pay the debts of Lewis Smyser, deceased. His children, all being of age, united in a conveyance for that purpose, and it is evident from

the record in this as well as the original action that a sale of the real estate purchased by the present appellee was necessary for the payment of the debts of the testator, and that when sold the proceeds were insufficient to satisfy that indebtedness. Besides, the infant children, who under the will of Lewis Smyser became entitled to the estate upon certain contingencies, being before the court, can not complain of the judgment so as to affect the title of the purchaser. The court had jurisdiction over the parties and the subject-matter, and a mere irregularity in the failure to appoint a guardian ad litem, and to file an answer, while it might be erroneous does not affect the title of the purchaser, whose purchase has been confirmed by the chancellor. The present petition, as well as the original action, shows a necessity for the sale, and that the rights of the infants have in no manner been prejudiced by the action of the chancellor in rendering his judgment in either case. Nor would this court inquire as to the necessity for the sale so as to disturb the appellee in his purchase in the absence of fraud or bad faith on the part of the purchaser and the parties seeking the sale, towards the infant appellants. The sale having been confirmed, the purchaser is entitled to the same protection by the chancellor as he would be if all the parties in interest were adults. *Yocum v. Foreman,* 14 Bush (Ky.) 494.

Judgment *affirmed.*

*John Mason Brown,* for appellants.

*Zack Phelps, Goodloe, Roberts & Humphrey,* for appellee.

[Cited, *Hulsewede v. Churchman's Exrx.,* 111 Ky. 51, 23 Ky. L. 487, 63 S. W. 1.]