CASE 5—ACTION FOR A SETTLEMENT OF AN ESTATE AND FOR A SALE OF
LAND TO PAY DEBTS OF TESTATOR.

# Hulsewede, &c., v. Churchman's Extx., &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT CONFIRMING SALE, AND THE PURCHASERS, HULSEWEDE, &C.,
APPEAL. REVERSED.

REPEAL OF STATUTE—SPECIAL PRACTICE ACTS—VOID JUDGMENT FOR
SALE OF REAL ESTATE—CONFIRMATION OF VOID SALE.

Held:   1. Act February 26, 1868, conferring jurisdiction on the
Louisville chancery court where the land of a person under
disability had been sold, and there was any error in the pro-
ceedings, to perfect the proceedings while the parties were still
before it, is no longer in force, as the Louisville chancery court
is not now in existence, and local acts regulating the juris-
diction or practice of particular circuit courts have been repeal-
ed by the present Constitution.
2. A judgment for the sale of real estate of infant defendants and
the sale made thereunder were void as to the infant owners over
fourteen years of age on whom no summons was served and
for whom no guardian *ad litem* was appointed, though a guard-
ian *ad litem* appointed for the infants under fourteen years of
age filed answer as guardian *ad litem* for all the infants.
3. A decretal sale of the real estate of infants being void for want
of service of process, the chancellor can not give it vitality by
subsequently confirming it when all the parties are before the
court.

R. C. & J. J. DAVIS, ATTORNEYS FOR APPELLANTS.

### POINTS AND AUTHORITIES.

There can be no valid sale of an infant's real estate where
the infant is not before the court.   Nor after the sale can
the infant be brought before the court and the previous void
sale ratified or confirmed.   Jenkins v. Crofton's Admr., 10 Ky.
Law Rep., 456; Hocker v. Montague's Admr., 16 Ky. Law Rep.,
766; Robinson, Jr., v. Clark, 17 Ky. Law Rep., 1402; Wooldridge
v. Harding, 21 Ky. Law Rep., 205; Womack v. Loar, 11 Ky. Law
Rep., 6; Bill v. Burgess, 15 Ky. Law Rep., 41; Acts 1867-68, vol.
1, page 24.

E. L. McDONALD and A. M. WALLACE, for appellees.

### POINTS AND AUTHORITIES.

· After judicial sale of real estate, and before confirmation, the court has jurisdiction to entertain proceedings to bring infant defendants before the court, so as to perfect the title, and then to confirm the sale and require the purchasers to take the. property.

### AUTHORITIES.

Busey v. Hardin, 2 B. Mon., 411; Maupin on Marketable Title, .p. 712; Daniel v. Leitch, 13 Gratt, 195; Cornwall v. Cornwall, 6 Bush, 374; Marshall v. Marshall, 4 Bush, 248; Huber v. Armstrong, 7 Bush, 590; Kinslow v. Grove, 98 Ky., 266; Bill v. Burgess, 15 Ky. Law Rep., 41; Gaar v. Elble, 16 Ky. Law Rep., 661; Browinski v. Phelps, 3 Ky. Law Rep., 59; Spencer v. Milliken, 4 Ky. Law Rep., 856; Henning v. Baringer, 10 Ky. Law Rep., 674; Schuhart v. Clark, 8 Ky. Law Rep., 342; Tyler v. Jewell, 10 Ky. Law Rep., 887; Kibbey v. Chitwood's Admr., 4 Mon., 81; 28 Am. St. Rep., 417; Cunningham v. Anderson, 107 Mo.; Langyher v. Patterson, 77 Va., 470; 1 Acts 1867-8, p. 24.

Opinion of the court by JUDGE HOBSON—Reversing.

John Churchman died on May 7, 1897, a resident of Jefferson county, the owner of a tract of land on which he resided with his family. His personal estate was insufficient for the payment of his debts. His widow, who qualified as his executrix, filed this suit for the settlement of the estate and a sale of a part of the land to pay the debts. The decedent left five children,— two of age, two over 14, and and one under 14, years old. The children were made defendants to the petition filed by the executrix. A guardian *ad litem* was appointed for the infant under 14 years of age, and the summons was served on him for this infant. The two adult children entered their appearance, but no summons was served on the two infants who were over 14 years of age. The guardian *ad litem*, however, filed answer as such for all three of the infants. It appearing that it was necessary to raise about $4,000 from the sale

of the land for the payment of the debts of the estate, the court ordered a sale, which was had, and a part of the land was bought by appellants at what seems to be a very fair price. They excepted to the sale on the ground that the two infants over 14 years of age were in no way before the court, and that the judgment was, therefore, void as to them. Summons was issued after the sale had been made and served on these two infants. They then also appeared in the county court, and on their own motion their mother was appointed as their guardian. They then, by appropriate pleadings, filed by their guardian, prayed the court to confirm the sale on the ground that it was beneficial to them. Proof was taken, and, it being shown that the sale was beneficial to the infants, the chancellor overruled the exceptions, and confirmed the sale and from this judgment the purchasers have appealed.

The cases of Marshall v. Marshall, 4 Bush, 248; Cornwall v. Cornwall, 6 Bush, 369; Browinski v. Phelps, 3 Ky. Law Rep., 59; Schuhart v. Clark (8 R. 342) (1 S. W., 479) and Henning v. Barringer (10 R. 674) (10 S. W., 136) are relied on to sustain the judgment. But these cases were decided under the statute of February 26, 1868 (1 Acts 1867, 1868, p. 24). That act conferred jurisdiction on the Louisville chancery court where the land of a person under disability had been sold and there was any error in the proceeding, or step omitted, to perfect the proceedings while the parties were still before it; and, if this act was still in force, the judgment appealed from would be correct. But the Louisville chancery court is not now in existence, and local acts regulating the jurisdiction or practice of certain circuit courts are no longer in force under our present Constitution. A number of other cases are also relied on, such as Spencer v. Milliken, 4 Ky. L. R., 856; Tyler v. Jewell (10 R. 887), (11 S. W.,

25); Garr v. Elble (10 R. 661) 29 S. W., 317. But in all these cases the court had jurisdiction of the infant, and there had only been an irregularity in the proceeding. In the case before us the two infants who were over 14 years of age were in no way before the court when the judgment was entered or the sale made. It is true, the guardian *ad litem* who had been appointed for the infant under 14 had filed an answer as guardian *ad litem* for all the infants; but he had not been appointed guardian *ad litem* for the infants over 14 years of age, and had no authority to act for them in any way. It has been held that, where an answer has been filed for the infant by his guardian, the sale will not be held void, although the infant was not served with process. But we have been referred to no authority, and can find none, to the effect that an answer filed for the infant by a mere volunteer should have this effect. Neither the reason of the rule nor the policy of the law seems to us to sustain such a conclusion. We conclude, therefore, that the judgment of sale was void as to the two infants who had not been served with process, and for whom no guardian had been appointed.

The judgment and sale made under it being void, could the chancellor subsequently give it vitality by confirming it when the parties were all before the court? The general rule is that a void contract can not be ratified. This has been applied to void judiciary sales. Freem. Jud. Sales, sec. 44; Cunningham v. Anderson, 107 Mo., 371, 17 S. W., 972, 28 Am. St. Rep., 417; Langyher v. Patterson, 77 Va., 470. This rule, we think, should clearly be followed in the case of the sale of the land of an infant, for the reason that the infant, not being bound by the judgment of sale, and being incapable of giving consent, might, on becoming of age, upon proper showing, open the judgment;

Hulsewede, &c., v. Churchman's Extx., &c.

and we do not think that the purchaser ought to be required to accept such a title. Proceedings to sell an infant's land are purely statutory, and, when the sale is made without jurisdiction in the court over the infant, it is without power, in the absence of some enabling statute, to give vitality to that which was void when it was done. Thus it has been held that the chancellor is without jurisdiction to confirm a private sale of an infant's land. Kinslow v. Grove 98 Ky., 266 (18 R. 845) (32 S. W., 933). The reason of this is that such jurisdiction is not conferred by statute, and that the court has no power in such a proceeding except such as the statute has conferred. The same reason seems to us to apply with equal force to a sale made by a commissioner when the infant was not before the court. The law jealously guards the interest of those who are unable from disability to protect themselves, and a loose practice, not authorized by the statute, can not be sustained. The judgment confirming the sale is therefore reversed, with directions to set it aside, and for further proceedings not inconsistent with this opinion.