## Hundley v. Sumrall, et al.

(Decided June 6, 1911.)

## Appeal from Boyle Circuit Court.

1. Lunatic—Ability to Attend Court—Under Section 2157 Kentucky Statutes, the affidavits of two regular practicing physicians residing in another State, may be received to show that the condition of the lunatic is such that it would be unsafe to bring him into court.

2. Same—Domicile—Inquest—Constructive Process—A lunatic whose domicile is in this State, but who is confined in an asylum in another State, his estate being here, may be the subject of an inquest in this State upon constructive process.

3. Action to Sell Land—Necessity for Process—When an action is brought to sell land because it is indivisible under Section

490 of the Code, if the committee of the lunatic files an answer asking a sale of the property on behalf of the lunatic, it is unnecessary that process should be served upon the lunatic.

C. R. McDOWELL for appellant.

W. J. PRICE and W. L. WHITTINGHILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Eliza J. Hundley, who was the purchaser of certain land sold under decree of court in this case filed exceptions to the report of sale for the purpose of having the court determine whether she acquired title to the land by the sale.

The only question arising in the case is whether she acquired the title of William Lawson Sumrall to the land. The facts in regard to the matter are these: In the year 1905, William Lawson Sumrall, an unmarried man, living with his father, J. K. Sumrall, at his home in Boyle county, became insane. His father took him to Philadelphia for treatment by specialists. He failed to improve, and the father then had him removed to Baltimore, Maryland, and placed in a sanitarium there, where he has since remained, a lunatic, violent and uncontrollable. The father died in January, 1907, leaving a large estate in which William Lawson Sumrall inherited a one-third interest. After his father's death it was necessary that a committee should be appointed to receive William Lawson Sumrall's part of the estate, and look after his interest. Application was made to the Boyle County Court, the Circuit Court not being in session, for an inquest of lunacy. Section 2157, Kentucky Statutes, is as follows:

"No inquest shall be held unless the person charged to be of unsound mind, or an imbecile, or incompetent to manage his estate, is in court, and personally in the presence of the jury. The personal presence of the person charged shall not be dispensed with unless it shall appear, by the oath or affidavit of two regular practicing physicians, that they have personally examined the individual charged to be of unsound mind, or an imbecile, or incompetent to manage his estate, and that they verily believe him to be an idiot or lunatic, or incompetent to manage his estate, as the case may be,

and that his condition is such that it would be unsafe to bring him into court.''

The affidavits of three of the physicians in charge of the sanitarium in Baltimore were filed showing that they were regular practicing physicians, that they had personally examined William Lawson Sumrall, that he was a lunatic, and that his condition was such that it would be unsafe to bring him into court. The county court required a warning order to be made and an attorney appointed who wrote to the lunatic informing him of the proceeding. This letter was delivered to him. After sixty days had expired the inquest was held and he was adjudged or unsound mind. The Fidelity Trust Company of Louisville qualified as his committee. Subsequently a suit was brought by the other joint owners to sell the land in controversy on the ground that it was indivisible without materially impairing its value, or the interest of the joint owners therein. To this petition William Lawson Sumrall and his committee were made defendants. Process was issued which was served on the committee for itself and for him. The committee filed an answer in which it joined in the prayer of the petition for a sale of the land alleging that it was indivisible and that a sale of it as a whole was to the interest of all the parties. Proof was taken and on final hearing the court ordered the land sold. Eliza J. Hundley, the purchaser at the sale excepted to it on the ground that the inquest above referred to was void, and that William Lawson Sumrall not being brought before the court by process on him in the action to sell the land, the judgment and sale are void. The circuit court held the sale good and the purchaser appeals.

1. As to the inquest we see nothing in the proceeding to invalidate it. The statute requires the affidavits of two regular practicing physicians, but there is nothing in the statute requiring that the physicians must be residents of this State. We can not add to the terms of the statute. The purpose of the provision is to dispense with the presence of the lunatic in court when it would be unsafe to bring him there; and when he is out of the State there is no reason why the physicians there having charge of him, may not make the affidavits referred to. This is within both the letter and the spirit of the statute, the purpose being to allow the inquest to be held

when it would be unsafe to bring the lunatic into court, and this is shown by the affidavits of two regular practicing physicians. William Lawson Sumrall had not ceased to be a resident of this State; his domicile was still in Kentucky; he was simply in Maryland for treatment. His estate was in Kentucky; the courts of Kentucky had jurisdiction to hold an inquest, and to appoint a committee to take charge of his estate. (In Re Devausney, 28 Atlantic, 459; Liggate v. Clark, 111 Mass., 308; Chavannes v. Priestly, 9 L. R. A., 193; Re Ganse, 9, Paige 416; Swope v. Frazier, 37 S. W., 495.) The lunatic had notice of the proceeding in the only way in which notice was practicable. True, it was ˙ constructive notice, but it would have been contrary to the plain intent of the statute to have taken this lunatic out of the sanitarium and brought him to Kentucky, thus endangering his safety and the safety of others. There was no other way to give him notice, except as was done. The case of Newcomb v. Newcomb, 13 Bush, 545, is not like this. There Newcomb put his wife in an insane asylum in another State, and then sued her for divorce. It was held that she was in the custody of her husband, and that the process was void. In this case the inquisition was instituted by the Commonwealth for the protection of the lunatic and the preservation of his estate. His father who had put him in the asylum was dead, and it was proper the Commonwealth should protect the unfortunate man by the proceeding provided in the statute.

2. As William Lawson Sumrall, was in Maryland there could be no personal service upon him in the action brought to sell the real estate. He could only be brought before the court by constructive service. By section 53 of the Code, if the defendant be of unsound mind and has a committee, the summons must be served on him, and on the committee, subject to certain exceptions not material here. The process here was only served on the committee. In Finzer v. Nevin, 13 R., 773, which was a case just like this, where the process was served in the same way, and the purchaser·excepted to the sale, holding the sale good, this court said:

"Our. Civil. Code, section 53, provides, that if a defendant be of unsound mind, the summons shall be served on him, and on his committee, if residing in the

county. Under section 490, however, the committee may, in the name of the lunatic and his own, sue for, and obtain, a judgment for the sale of property owned jointly by the lunatic and others, if it be indivisible; and, if he may do this, we fail to see why, in an action brought by a joint owner against the lunatic under this section of the Code, he may not enter the appearance of the lunatic and his own to the action. If he does so, why the need of serving the summons upon the lunatic? He is incapacitated from defending the action. His committee must do this for him, and where the committee answers in the name of the lunatic and himself, it seems to us it would be needless trouble and an idle ceremony to still require the service of a summons upon the lunatic. The court already has jurisdiction, not only of the subject matter of the action, but of the necessary parties, by the filing of the answer. It should not be presumed the Legislature intended to require the doing of an idle thing.''

We have so held in a number of cases as to infants where their land was sold under a similar proceeding. (Shelby v. Harrison, 84 Ky., 144; Cheatham v. Whitman, 86 Ky., 614; Garr v. Elble, 29 S. W., 317; Bell v. Smith, 71 S. W., 433.) We do not see that the case of a lunatic can be distinguished from that of an infant.

Judgment affirmed.