## Clay's Guardian, et al. v. Rice.

(Decided November 14, 1916.)

### Appeal from Madison Circuit Court.

1. Infants—Sale of Real Estate of For Maintenance and Education.— Under section 489, subsection 3, of the code, the real estate of infants may be sold for the maintenance and education of the infants when it appears from the pleadings and evidence, in a suit seeking to have the land sold, that the sale will benefit the infants.

2. Infants—Sale of Indivisible Estate of for Education and Maintenance and Reinvestment.—Where the estate of infants is indivisible, and it is necessary that a sale should be ordered for the maintenance and education of the infants, such part of the proceeds as is not needed for the education and maintenance of the infants may be reinvested, and the whole land may be sold for purposes of education and maintenance and reinvestment of the surplus.

3. Infants—Jurisdiction of Courts—Void Sale—Rights of Purchaser. —If the court had no jurisdiction to order a sale, it should be set aside, because the purchaser is entitled to have a good title. If, however, the sale is merely erroneous on account of some irregularity in the proceedings that do not affect the jurisdiction of the court, the sale should not be set aside on the motion of the purchaser if the interest of the infants is not prejudiced by the sale.

4. Infants—Sale of Real Estate of—Compliance With Statute Necessary.—The sale of infants' real estate is authorized entirely by statute and unless the record brings the case within the scope of the statutory provisions, the court has no jurisdiction to order a sale which without jurisdiction would be void.

5. Infants—Allegation as to Indivisibility of Land of.—The failure of the pleadings and evidence in a suit under section 489, subsection 3

to show that the land was not susceptible of division, will not be a fatal defect if the petition so describes the land as to enable the court to determine whether or not it can be divided without impairing its value. But if suit is brought under section 490 by a joint owner, and the other joint owners object to the sale, it must affirmatively appear that the land cannot be divided without materially impairing its value.

6. Infants—Suits to Sell Real Estate of—Errors Cannot be Corrected by Supplemental Pleadings or Evidence Filed After Judgment.— Jurisdictional defects in the petition or evidence or in other respects cannot be cured by amendment or affidavits tendered or filed after the judgment of sale. The record as made up when the sale is ordered must determine the sufficiency of the pleadings, evidence and other steps to authorize a sale.

JOE P. & JOHN C. CHENAULT, C. C. WALLACE, WILLIAM L. WALLACE and S. M. JETT for appellants.

G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This appeal is prosecuted by the statutory guardian of two infants, Robert F. and Andrew T. Clay, from a judgment of the Madison circuit court sustaining exceptions to a report of the sale of the infants' real estate filed by the purchaser, and canceling the sale bonds and setting aside the sale. The sale of the infants' land was sought under subsection 3 of section 489 of the Civil Code providing that a vested interest of an infant in real estate may be sold by order of a court of equity "in an action by a guardian against his ward, for a sale of the estate for the maintenance and education of the ward." It was further asked that so much of the proceeds of the sale as were not necessary for the maintenance and education of the infants should be reinvested in other property.

The exceptions of the purchaser to the report of sale were based on the grounds that there was no allegation or proof authorizing the sale, or showing that a sale would be beneficial to the interest of the infants, or showing what the rental value of the land was, or that it would not maintain and educate them in their minority, or showing that the land could not be divided and a part of it sold if necessary to maintain the infants.

The lower court set aside the sale upon the ground that under the facts stated in the pleadings and evidence

the court did not have jurisdiction to order the sale, and this being so, the judgment directing the sale was void and the purchaser did not get any title thereunder.

The petition was filed by the statutory guardian of the infants as plaintiffs and the two infants, one of them being eleven and the other nine years old, were made defendants. The petition averred that "the defendants jointly own the following tract of land which they derived by inheritance from their deceased mother, Mollie T. Clay, situated in Madison county, Kentucky, and described as follows: A certain tract of land, located near College Hill, in Madison county, Kentucky, and bounded as follows: . . . , containing 58.97 acres.

"Plaintiff states that his wards are, on account of their age, unable to provide for and take care of themselves and are at present living with and will continue to live with their grandfather, A. J. Tribble.

"Plaintiff states that the hereinabove described tract of land is so situated as to be inconvenient and inaccessible, both to the plaintiff and his said wards; and that the management of same is necessarily unduly expensive, owing to its distant and isolated location.

"Plaintiff states that the rents, issues and profits of and arising from said tract of land, over and above the expense of the management of same, are not sufficient for the maintenance and education of his said wards. That his said wards are at an age when it is imperative that their education should not be neglected, and that there ought to be a sale of their above described tract of land and so much of the proceeds as may be necessary set apart for the education and maintenance of his wards, and the residue of the proceeds of said sale reinvested in other lands, more suitably located and easier of access; and that it will be to the material advantage and the best interests of his said wards to have said sale and reinvestment.

"Wherefore, plaintiff prays for an order directing a sale of the above described real estate; that so much of the proceeds as to the Court may seem equitable and proper be ordered set aside for the maintenance and education of his infant wards; for an order directing a reinvestment of the residue of the proceeds of said sale, and for any and all other proper and equitable relief to which the plaintiff may appear entitled."

There was filed with the petition the deed conveying the land to Mrs. Clay, the mother of the two infant defendants, their father being dead.

A summons was issued on the petition and executed on the infants by delivering a copy for each to their grandfather, A. J. Tribble, the person with whom the infants resided. After the summons had been executed on the infants, the court appointed S. M. Jett guardian *ad litem* for the infants. Thereafter the depositions of J. D. Chenault, A. J. Tribble and S. J. Hisle were taken on interrogatories propounded by the attorney for the plaintiff as statutory guardian and on cross-interrogatories propounded by the guardian *ad litem*. At another day in the court the guardian *ad litem* filed a report in which he said that he was unable to make any defense to the suit and believed that the sale would be beneficial to the interest of the defendants, and on the same day Chenault, the statutory guardian, with sureties, tendered in court the bond required by section 493 of the code, which was examined and approved, and after this there was a judgment reciting that on the pleadings, exhibits and proof, the court being sufficiently advised, "is of the opinion that it will be for the best interest of the two infant defendants, wards of this plaintiff, that the real estate set out and described in the petition be sold; and it further appearing that the plaintiff has executed bond, with two securities as required by law, it is ordered and adjudged that the commissioner of this court sell the following described land, to-wit," . . . describing it as it was described in the petition.

The judgment, after directing the terms on which the land should be sold, and that the bonds should be made payable to the statutory guardian, further provided that "the question as to what portion of the fund arising from this sale shall be reinvested in real estate, and what part shall be held for the education and maintenance of the infant defendants, is left for future determination and adjudication by this court."

The depositions show that both of the children were boys, one of them being eleven and the other nine years old, and about what it would cost to care for them. That the land if rented out was so located that it would wash badly and depreciate in value and that the interest of the infants would be benefited by a sale. It was further shown by the evidence that the personal estate of the

infants was of trifling value and that there would not. be any of it left after the debts against the estate of the mother were paid; that the land was reasonably worth between twenty-five hundred and four thousand dollars, which constituted, in connection with the little personal property, the only estate they owned; that one of the boys was in such condition as to need medical attention by some skilled doctor.

When the land was sold by the commissioner on a credit of six and twelve months, it brought $4,620.

The record as we have set it out shows that the proper parties were made plaintiffs and defendants. That the title papers were filed with the petition. That the summons was duly executed on the infants. That the evidence was taken on interrogatories. That a guardian *ad litem* was appointed and filed the usual report. That the statutory guardian executed the bond required by the code. That the land sold for a fine price. That the purchaser alone is objecting to a confirmation of the sale on the ground that the court had no jurisdiction to order it. That the interest of the infants was not prejudiced by the sale.

It will be noticed that the only question for decision is, was the sale void? If so, it should have been set aside, because the purchaser was entitled to have a good title. If, however, the sale was merely erroneous on account of some irregularity in the proceedings that did not affect the jurisdiction of the court, the sale should not be set aside on the motion of the purchaser, as the interest of the infants was not prejudiced by the sale. Generally speaking, when the interest of the infants is not prejudiced by the sale, the purchaser will not be heard to complain, if he gets a good title, and whether he gets a good title or not depends on whether the court had jurisdiction to order the sale. If it did not, the sale should be set aside, because it has been written in many cases that the authority to sell infants' real estate is conferred entirely by statute, and unless the record brings the case within the scope of the statutory provisions, the court has no jurisdiction to order a sale, and hence a sale would be a void thing; Elliott v. Fowler, 112 Ky. 376.

The grounds upon which the purchaser maintains that the sale was void are that the petition was fatally insufficient in these particulars: (a) that it did not

state that the interest of the infants would be benefited by a sale; (b) that it did not show that a sale was necessary to maintain and educate the infants; (c) that it did not state what rents and profits could be realized from the land or that a sufficiency could not be secured in this way to educate and maintain the infants; (d) that it did not state whether it would be best for the interest of the infants to have the land sold as a whole or whether it was indivisible; (e) that it did not set out what personal estate, if any, the infants had, or whether it would be sufficient to educate and maintain them. It is further insisted that even if the petition should be treated as good, the evidence is not sufficient to show the jurisdictional facts upon which the court is authorized to order a sale of infants' real estate in cases like this.

The petition is not aptly drawn and does not aver as distinctly as a good pleading should the reasons why a sale of this land should be ordered. But we think that upon the whole the averments are sufficiently clear to conform to the substantial purposes of the statute. It was averred in a general way that the profits that might be derived from the rental of the land would not be sufficient for the education and maintenance of the infants and that it would be to the best interest of the infants to have a sale. It is true there is no averment as to the amount of the personal estate owned by the infants, but we do not think this omission a fatal defect. Subsection 4 of section 492 of the code provides that in actions brought under subsections 3, 4 and 5 of section 489 "facts must be stated in the petition, and must be proved, showing that the sale will benefit the defendant." This is the material thing, and we think the facts stated were sufficient to show that a sale would benefit the infants.

Nor was the omission to aver that the land was not susceptible of advantageous division a fatal defect. It has been written in a number of cases coming up under section 694 of the code that allegation or proof as to the divisibility is unnecessary if the petition so describes the land as to enable the court to determine whether or not it can be divided without impairing its value: Sears v. Henry, 13 Bush 413. And we see no reason why this rule should not be applied to cases arising under section 489 of the code. If, however, the suit is brought under section 490 by one joint owner against the other

joint owners to have a sale of the land upon the ground that it cannot be divided without materially impairing its value or the value of the plaintiff's interest therein, and the defendants contest the issue as to the indivisibility of the land, it must affirmatively appear that the property is indivisible, and this for the reason that the other joint owners contesting the sale of their land upon the ground that the tract is divisible have the right to hold their property unless it clearly appears that it cannot be divided without materially impairing its value or the value of the plaintiff's interest therein; Talbott v. Campell, 23 Ky. L. R. 2198; Gill v. Lane, 26 Ky. L. R. 267. In the case we have we think the court would be justified in assuming that fifty-eight acres of land out in the country could not be well divided without materially impairing the value of the tract. But, aside from this, the purpose of the suit was to sell the whole of the land and use a part of the proceeds in maintaining and educating the infants, and the balance for reinvestment, and this the court has power to do.

The evidence is not as full or specific as it should be and yet it shows by fair inference that the infants have no personal estate or other source of income except the profits derived from the land, and that the profits that may be derived from it are not sufficient to educate and maintain them, and that it would be to their interest to have the land sold. It will also be noticed that the court reserved in the judgment full control of the proceeds of the sale, and that no part of the proceeds was set apart for the use of the infants. So that when it comes to determine how much of the proceeds will be needed for the education and maintenance of the infants, the court may hear other proof on this subject and enter such orders as under all the facts and circumstances may be proper. This, however, is not a matter that concerns the purchaser if he got a good title.

If we should hold that the order of sale in this case was void, it would have a far-reaching and disastrous effect on great numbers of judgments directing the sale of infants' real estate, because there are many cases like this in which the case was not as carefully prepared as it should have been, although the substance of the provisions of the code was observed. When a sale of infants' real estate is declared void, it is usually

because the infants were not properly before the court or the proper bond was not executed, or more land was sold than was necessary to meet the demands of the suit, although we do not mean to say that a sale might not be void for some other reason than these. In this case, however, the sale could not be set aside for any of these causes; nor do we feel justified in holding the judgment void upon the exception filed by the purchaser, who will get under the proceedings so far as the infants are concerned a perfect title to the land.

An effort was made by counsel for the statutory guardian to correct omissions in the pleadings and evidence by an amended petition and affidavits tendered when the exceptions to the sale were filed, but we have not considered at all these affidavits and this petition. It may be further added that the record as made up when the sale is ordered must, as a general rule, determine the sufficiency of the pleadings, evidence and other steps to authorize a sale. Defects in the petition or evidence or in other substantial matters upon which the jurisdiction of the court depends cannot be cured by amendments or affidavits tendered or filed after the judgment or sale. Hulsewede v. Churchman, 111 Ky. 51.

The judgment is reversed, with directions to overrule the exceptions and confirm the sale.