## Barry v. Fain's Administrator, et al.

(Decided November 21, 1916.)

### Appeal from Fayette Circuit Court.

1. **Executors and Administrators—Suit to Settle Estate—Wives of Parties in Interest Should be Made Parties.**—In a suit to settle the estate of a decedent and to sell land for that purpose the wives of persons owning an interest in the land should be made parties, so that they may be divested of their right to dower in the manner provided in section 495 of the code; but if the wives come in after judgment and sale and consent to the proceedings, this will cure the failure to make them parties.

2. **Infants—Sale of Real Estate of—Committee of Person of Unsound Mind—Service of Summons.**—In a suit to settle an estate and sell

land, in which a person of unsound mind, who had a committee, had an interest, a judgment ordering a sale of the land in so far as it affects the rights of the person of unsound mind, will be void unless his committee is before the court. A service of summons on the person having charge of a person of unsound mind will be treated as nugatory if before the judgment was entered a committee was appointed, as in such a case summons under section 53 of the code should be served on the committee, who must file a report or make a defense as provided in section 36 of the code.

3. Infants—Sale of Real Estate of in Actions to Settle Estate. In an action to settle the estate of a decedent in which infants are interested, a judgment directing a sale of more land than was necessary to pay the debts will be void as to the interest of the infants unless the case is prepared as provided in the sections of the code relating to the sales of infants' real estate.

4. Infants—Real Estate—Void Judgment—Errors That Cannot be Cured.—Where the committee of a person of unsound mind was not before the court at the time judgment was rendered, the committee could not come into the case after exceptions by the purchaser to the report of sale had been filed, and cure the failure to make him a party by consenting to what had been done. Nor can error committed by the court in selling more land of the decedent than is necessary to pay his debts be cured by steps taken after the sale, if the interest of infants is involved in the case, when the case is not prepared according to the provisions of the code relating to the sale of infants' real estate.

GEORGE C. WEBB for appellant.

W. WORTHINGTON and W. C. G. HOBBS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

A suit was brought by the administrator and widow of Nathan Fain against the heirs of Nathan Fain for the purpose of settling his estate, and to sell real estate to pay the debts of the decedent, and divide whatever surplus from the sale of the real estate that might be left among persons entitled thereto. Elmo and Leo Fain, infants under the age of fourteen years, who had an interest in the real estate, and William Gordon Fain, a person of unsound mind, who also had an interest in the real estate, were made defendants in the suit.

The petition set out in a general way the value of the personalty and real property of the decedent and the amount of his debts, and showed that it would be necessary to sell some of his real estate for the purpose

of paying his debts. It was further averred that the decedent owned two separate houses and lots in the city of Lexington, and that neither of them could be divided without materially impairing its value. It further appeared from the petition that Norman Fain and Ulmont Fain, who were interested parties and defendants in the suit, were married men but their wives were not made parties to the suit.

The prayer of the petition was that the case be referred to the commissioner to ascertain and report all claims against the estate and settle the accounts of the administrator; that the real estate be sold and so much of the proceeds as might be necessary for that purpose be applied to the payment of debts and the remainder divided among the heirs of the decedent according to their interests.

There was no reference to the commissioner for the purpose of ascertaining claims against the estate, and no report filed by the commissioner showing the amount of claims, or showing that he had made any settlement with the administrator, nor did the administrator file any report, nor was there any evidence showing that it would be necessarry to sell both of the houses and lots for the purpose of paying the debts of the estate, or evidence showing that the interest of the infants would be benefited by a sale of so much of the property as it was not necessary to sell for the purpose of paying the debts of the decedent.

It further appears that one of the houses and lots sold for six hundred dollars and that the other was sold for twenty-four hundred dollars to J. F. Barry, the appellant. Barry filed exceptions to the report of sale upon the grounds (1) that the defendants, Norman and Ulmont Fain, were married men but their wives were not made parties to the suit; (2) that William Gordon Fain was a person of unsound mind and was not before the court; (3) that the bond required by section 493 of the civil code was not executed; (4) that John Russell Fain, an infant, was not before the court on process. The court overruled the exceptions filed by Barry, the purchaser, and he appeals.

(1) After the exceptions were filed, Myrtle Fain and Bessie Fain, wives of Norman and Ulmont Fain, who had not been made parties to the suit, came into the case by a petition asking that they be made parties de-

fendant in connection with their husbands. They further in this pleading approved and confirmed everything that had been done in the case as fully as if they had been originally made parties defendant.

It appearing that the requirements of section 495 of the code, directing how land ordered to be sold may be freed from the dower right of a married woman, were complied with by the pleadings and orders filed and made after the exceptions were filed, these exceptions were overruled, the lower court being of the opinion that the subsequent proceedings on the part of these married women divested them of dower interest in the land as completely as if they had been originally made parties to the suit and the provisions of section 495 had been complied with before judgment.

Of course, these women should have been made parties to the suit and such proceedings had before judgment as would have divested them of the dower in the land, but we think this irregularity in the proceedings was cured by the subsequent appearance of these married women and the action of the court thereon. The purpose of the code, in requiring married women to be made parties to a suit for the sale of land in which they have a contingent right of dower, is to free the land from this claim of dower and at the same time save to the married woman the compensation in lieu of dower to which she is entitled. While a married woman should be made a party defendant in a suit against her husband involving the sale of real estate, we do not think the failure to make her a party is a fatal defect if after the judgment she comes into the case and ratifies and confirms what has been done, upon privy examination, and her right to compensation is preserved, as was done in this case by proper orders of court.

(2) William Gordon Fain, a son of decedent, was made a party defendant, and the petition recited that he was a person of unsound mind and had no guardian, curator or committee residing in the State. The summons on this petition was executed on April 30, 1914, as the returns show, on William Gordon Fain, by delivering "to William Gordon Fain, a person of unsound mind, and to Keltie Fain, the person having charge of William Gordon Fain," a copy thereof.

It appears, however, from the record that the judgment was rendered on February 20, 1915, and that in

January, 1915, the Union Bank & Trust Co. was appointed the committee of William Gordon Fain, but this committee at the time of the judgment was not a party to the suit, nor did it in any manner enter its appearance. In view, therefore, of the fact that a committee was appointed before the judgment, it is very clear that this committee before the judgment should have been served with summons or have entered its appearance to the suit, as the appointment of the committee at the time stated rendered nugatory the service of the summons for William Gordon Fain on the person having charge of him. So far, then, as William Gordon Fain is concerned, the case should be treated as if he was not before the court at the time the judgment was rendered, although, of course, he was a necessary party, as he had an interest in the land sought to be sold. Under these circumstances the court had not acquired jurisdiction of William Gordon Fain and has no power to order a sale of his interest in the estate.

It was attempted, however, to cure this fatal error in the proceedings after the exceptions to the report of sale were filed calling attention to the fact that William Gordon Fain was not before the court and consequently the court had no jurisdiction to order a sale of his interest. The attempt to cure this error was made in this way: The Union Bank & Trust Co. in June, 1915, filed an answer in the case in which it said that it had been appointed the committee of William Gordon Fain in January, 1915, and asked that it be permitted to enter its appearance in the action for the purpose of uniting in the prayer of the petition and confirming what had been done. In connection with this answer of the committee, affidavits were filed showing that an answer had been prepared for the committee, to be filed in the case before the judgment had been entered, but that through some oversight or mistake, the answer was not filed nor was any order made, until after the exceptions and report of sale were filed, showing that Fain had a committee.

Now the question is, was this fatal omission cured by the subsequent proceedings to which we have directed attention? Section 36, subsection 3 of the code provides that "no judgment shall be rendered against . . . . a person of unsound mind, who is summoned in this State, . . . . until . . . . the commit-

tee of such defendant shall have made a defense, or have
filed a report stating that, after a careful examination
of the case, he is unable to make defense.". And sec-
tion 53 provides that "if the defendant be of unsound
mind the summons must be served on him and on one of
the following named persons, if residing in the county,
viz.: On his committee . . . ."

In Hulsewede v. Churchman's Extx., 111 Ky. 51, it
appears from the opinion that in a suit to settle the
estate of a decedent, two of the infant children were not
brought before the court. The purchaser at the sale ex-
cepted to the report of sale upon the ground that as
these infants were not before the court by service of
process or in any other manner, the judgment was void.
In an effort to cure this defect after the exceptions had
been filed, summons was issued and served on the in-
fants, and their mother was appointed statutory guar-
dian; then by appropriate pleadings the guardian
prayed the court to confirm the sale on the ground that
it was beneficial to the infants, and evidence was taken
showing that it was beneficial. But the court held that
the judgment was void as to these infants and could
not be corrected by the subsequent proceedings. To
the same effect is Clay's Guardian v. Rice, 172 Ky. 164.

(3) Although no settlement was made with the ad-
ministrator, it appears from his deposition, which was
taken, that the unpaid debts against the estate amounted
to $1,763.07, and that he had in his hands in cash
$648.61 that could be used in paying debts. So that,
excluding cost of administration and whatever amount
it would take to compensate the wives of Norman and
Ulmont Fain for dower, it was necessary to realize from
a sale of the real estate for the purpose of paying the
debts only $1,114.46. If there should be added to this
the amount necessary to pay the cost of administration
and the amount needed to compensate the wives of
Norman and Ulmont Fain for their dower interest, it
is very plain that the house and lot bought by Barry
for twenty-four hundred dollars would have paid all
debts and claims against the estate and left a balance
of several hundred dollars, and this being so, it was
not at all necessary to sell, for the purpose of settling
the estate, the other house and lot which brought six
hundred dollars. Under these circumstances the court
had no jurisdiction, under the record before us, to order

a sale of the six hundred dollar house and lot as the case was not so prepared as to give the court jurisdiction to sell the real estate of the infants. Elliott v. Fowler, 112 Ky. 376.

In view of the errors and omissions we have pointed out, the judgment ordering a sale of the property and both sales made under it should be set aside, and if it is desired to sell more land than is necessary to pay debts the case should be prepared for submission and judgment in accordance with the provisions of the code.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.