## Adams v. Gardner, et al.

(Decided November 17, 1925.)

### Appeal from Magoffin Circuit Court.

1. Judgment—Failure to Support Petition by Evidence Held Waived by Answer.—In suit by heir against other heirs for sale of land because of indivisibility, any error in rendering judgment against nonresident defendants without supporting evidence held waived, where, after judgment and before confirmation, nonresident filed answer admitting allegations of petition and alleging that sale was advantageous and asking for confirmation thereof.

2. Insane Persons—Insane Person Not Before Court, where no Summons Served on Her Committee.—In suit by heir against other heirs for sale of land because of indivisibility, where insane defendant was summoned, but no summons was served on her committee, she was not before court when judgment was rendered.

3. Insane Persons—Interest of Insane Person in Land Held Not to Pass by Sale or Order of Confirmation.—In suit by heir for sale of land on ground of indivisibility, where insane defendant was summoned, but no summons was served on committee, such defendant's interest in land, in view of Civil Code of practice, section 53, held not to pass by judgment of sale or order of confirmation, notwithstanding answer filed by her committee in her behalf before confirmation of sale.

4. Guardian and Ward—Bond by Guardians Before Sale Ordered Not Required in Action for Sale Under Statute.—In view of Civil Code of Practice, section 497, it is rule that in action under section 490, subsection 2, it is not necessary for guardians to give bond required by section 493 before sale is ordered or consummated.

J. B. ADAMSON for appellant.

H. H. RAMEY and FORMAN & FORMAN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

B. F. Gardner owned a tract of land in Magoffin county. He died intestate and P. W. Gardner, one of his heirs, brought suit against the other heirs for a sale of the land on the ground of indivisibility. The land was sold to A. H. Adams, who filed numerous exceptions to the report of sale. The exceptions were overruled and the sale confirmed. Adams has appealed.

It is first insisted that the warning order against the nonresident defendants was defective and that the court erred in rendering judgment against them without any evidence to support the allegations of the petition. Respecting this phase of the case we need go no further than to say that after judgment and before confirmation the two nonresident defendants filed an answer and an amended answer in which they admitted the allegations of the petition, alleged that the sale was advantageous to all the parties in interest, and asked that the exceptions be overruled and the sale confirmed. That being true, any irregularity or failure to support the petition by evidence was necessarily waived and they are as much bound by the order of confirmation as if all of the proceedings were regular in the first instance or they had been actually summoned in the action.

The next exception is based on the claim that two of the defendants, Lillie Samuels and Albert Samuels, who are persons of unsound mind, were not properly served with process when the judgment of sale was rendered and that the subsequent action of their committees in filing answers on their behalf before confirmation did not have the effect of validating the sale. It appears that process was served on Lillie Samuels by delivering her a copy of the summons and on Albert Samuels by delivering a copy to him and also to W. A. Samuels, his guardian, and the person having custody of him. With the record in this condition the judgment of sale was rendered. After the filing of the exceptions the committee of each of the defendants of unsound mind filed an answer admitting the allegations of the petition, alleging that the defendants had been adjudged of unsound mind, setting forth their interests in the property, consenting to the judgment, and asking that the sale be confirmed. In case the defendant is of unsound mind summons must be served on him and on his committee if residing in the county, or, if he have no committee, on certain other

persons. Civil Code, section 53. As W. A. Samuels was in fact the committee of Albert Samuels when a copy of the summons was delivered to him, we do not regard the fact that he was designated in the return as the "guardian" of Albert Samuels as fatal to the validity of the process. However, as only Lillie Samuels herself was summoned, and no summons was served on her committee, it is at once apparent that she was not before the court when the judgment was rendered. That being true, it remains to determine the effect of the answer filed in her behalf and before confirmation. In support of the position that the defect was cured the argument is along the following lines: In an action brought by a joint owner against a lunatic, under section 490, Civil Code, to sell land on the ground of indivisibility, the committee of the lunatic may enter his and the lunatic's appearance to the action and thereby confer jurisdiction by filing an answer before judgment. Finzer v. Nevin, 13 Ky. Law Rep. 773, 18 S. W. 367; Hundley v. Sumrall, 144 Ky. 73, 137 S. W. 843, and, if he may do this before judgment, there is no reason why he may not do the same thing with like effect after judgment and before confirmation of the sale. The argument has been ably presented and is not without force, but we are committed to a different rule. Thus, in Hulsewede v. Churchman, 111 Ky. 51, 63 S. W. 1, the purchaser excepted to the report of sale on the ground that two infant parties were not before the court when the judgment was rendered. In an effort to cure this defect summons was issued and served on the infants and their mother was appointed statutory guardian. By appropriate pleadings the guardian then prayed the court to confirm the sale on the ground that it was beneficial to the infants and this allegation was supported by proof. On appeal it was held that the judgment was void as to the infants and could not be corrected by the subsequent proceedings. To the same effect is Clay v. Rice, 172 Ky. 164, 189 S. W. 11. In Barry v. Fain's Admr., et al., 172 Ky. 308, 189 S. W. 220, one of the defendants was a person of unsound mind and process was served by delivering a copy of the summons to him and to the person having charge of him. Before judgment a committee was appointed, but he was not served with process and did not enter his appearance before judgment. The purchaser excepted to the sale on the ground that the judgment was void as to the person of unsound mind. Thereupon his committee filed an answer entering

his appearance, uniting in the prayer of the petition and asking that the sale be confirmed. The answer was accompanied by affidavits showing that the answer had been prepared for filing before judgment, but was not filed through some oversight or mistake. On appeal it was held that the service of summons on the insane defendant was nugatory; that the court was without jurisdiction to order a sale of his interest; and that such error in the proceedings was not cured by the subsequent appearance and answer of the committee. It follows that Lillie Samuels' interest in the land did not pass by the judgment of sale or the order of confirmation.

Still another exception is based on the failure to execute bond before judgment. Section 497, Civil Code, provides:

"In an action mentioned in subsection 2 of section 490, the share of an infant, or of a person of unsound mind, shall not be paid by the purchaser; but shall remain a lien on the land bearing interest until the infant become of age, or the person of unsound mind become of sound mind, or until the guardian of the infant, or the committee of the person of unsound mind execute bond as required by section 493."

In view of this section it is the settled rule that in an action brought under subsection 2, section 490, it is not necessary to give the bond required by section 493 before the sale is ordered or consummated. Hatterich v. Bruce, 151 Ky. 12, 151 S. W. 31.

There are other exceptions, but as the grounds on which they are based will probably not occur again they need not be considered.

As Lillie Samuels' interest in the land did not pass by the judgment of sale or the order of confirmation, it follows that appellant's exception based on that fact should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.