## James v. Miller et al.

(Decided Dec. 7, 1937.)

IRVING WALKER for appellant.

EUGENT ATTKISSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

This appeal involves the question of whether or not Drusie James, a person of unsound mind, was properly served with summons in an action brought in the Jefferson circuit court in which she was named a party defendant.

The appellees, who were the plaintiffs below, filed their petition in equity in which they alleged that they were the owners of an undivided seven-tenths interest in a certain tract of land in Jefferson county, and that Ruth Carr was owner of one-tenth interest, and Drusie James the owner of two-tenths interest. The plaintiffs sought a sale of the property upon the ground that it was indivisible. Ruth Carr is not a party to this appeal, and it is not necessary to further consider her connection with this litigation.

The plaintiffs alleged in their petition that Drusie James had theretofore, by order of the Jefferson circuit court, been adjudged to be a person of unsound mind and a lunatic, and was committed to the Central State Hospital at Lakeland, Ky., and that she has never been restored to her sanity, but is now a person of unsound mind and a lunatic; that she has no committee, or father, or guardian, or husband, but is confined in the Central State Hospital at Lakeland, Ky., and Dr. E. H. Maggard is the superintendent of said hospital and is the person having charge of the defendant Drusie James. A copy of the court order adjudging Drusie James a lunatic and committing her to the Central State Hospital was filed with the record.

Summons was issued in the usual form made or provided for such cases and placed in the hands of the sheriff of Jefferson county for execution, and in due time returned to the clerk's office of the Jefferson circuit court with the following return or indorsement thereon, as to Drusie James:

"Came to hand at 9:55 A. M. Apr. 8 1936
"H. Watson Lindsey
"Sheriff, Jefferson County, Ky.

"E. H. Maggard, Superintendent of the Central State Hospital, does hereby certify that in my judgment, the service of this Process on the within named person, Drusie James, would be injurious to his condition and hereby accept service for him.

"Witness my hand this 13 day of April, 1936.

"Attest: H. Watson Lindsey, S. J. C.

"By S. B. Steele D. C. E. H. Maggard
"Supt. Central
State Hospital

"Executed this 13 day of April 1936 on Drusie James, a person of unsound mind; by delivering a copy of the within summons to E. H. Maggard, Superintendent of the Central State Hospital and the Physician having the said Drusie James in charge.

"H. Watson Lindsey, S. J. C.
"By S. B. Steele D. S."

Depositions were taken by interrogatories as provided by the Civil Code of Practice (section 565 et seq.), and the case was submitted to the court for judgment, and the court found the property to be indivisible and rendered judgment on June 26, 1936, ordering it sold by the court's commissioner, and the commissioner duly advertised the sale and sold the property on July 20, 1936, and the plaintiffs were the successful bidders at the sale and became the purchasers of the property. On July 18, 1936, Volney T. Malott qualified as committee of the incompetent, Drusie James, and served notice that he would, on July 20, 1936, the day of the sale, tender an answer and cross-petition and move the court to vacate and set aside the judgment rendered on June 26, 1936. The answer and cross-petition contained a denial of the allegations of the petition that the land was indivisible and could not be divided without materially impairing the value of the interests therein, and affirmatively pleaded that it could be divided, and Drusie James' interest allotted. The court refused to permit the answer and cross-petition to be filed on the ground that the case had already been heard and the judgment entered, and overruled the motion to vacate the judgment. Later, the appellant as committee, pursuant to notices duly served, moved the court to set aside the judgment on the ground that Drusie James was not served with summons, as provided in section 53, Civil

Code of Practice, and not properly before the court. The chancellor, being of opinion that the service of the summons was in compliance with the Code, supra, overruled the motion, and, apparently appellant has appealed from that order and insisting on a reversal of the judgment on that ground only. Section 53 of the Civil Code of Practice, so far. as is pertinent to this case, reads as follows:

"If the defendant be of unsound mind the summons must be served on him and on one of the following named persons, if residing in the county, viz.: On his committee; or, if he have no committee, on his father; or, if he have no father, on his guardian; or, if he have no guardian, on his wife; or, if he have no wife, on the person having charge of him; or, if the defendant be a married woman of unsound mind, and her husband be plaintiff in the action, the summons must be served on her and her committee; or, if her husband be not plaintiff in the action, upon her and her committee, if she have one; or, if she have no committee, upon her and her husband: Provided,

"1. That the summons shall not be served upon a person of unsound mind, if he be under charge or treatment of a physician who certifies that, in his opinion, the service would be injurious to such person. Such certificate shall be returned with the summons. (Service of a summons, by delivering a copy of it to the physician having charge of a person of unsound mind, shall have the same effect as a service on the person of unsound mind, if such physician gives a certificate, attested by the officer delivering him the copy, that a personal service would, in his opinion, be injurious to such person of unsound mind."

It is seen that the sheriff's return on the summons is in strict compliance with the Code. But it is insisted for appellant that such service did not properly bring the incompetent before the court, and to support this position it is argued that Drusie James, the incompetent, being a woman, it is shown in Doctor Maggard's certificate that he was mistaken in the person on whom service was sought. This argument is based on the fact that in the doctor's certificate the pronouns "his" and "him" and used, indicating that the doctor thought

that the summons was intended for some male patient. It is stated in brief of the appellees that in view of the large number of such summons being served on the hospital or doctors of the institution, they used a rubber stencil form of certificate with blanks to fill in to suit the names of the patient, dates, etc., and that the stencil thus used contained only the masculine form of pronouns, according to set forms of the Code, and the pronouns "his" and "him" were not written by the doctor. But be this as it may, the doctor's certificate specifically contains the name of Drusie James. We do not think it is material that the pronouns used are not in harmony with their antecedent as to gender. It will also be observed that in section 53 of the Civil Code of Practice, the pronouns "him" and "his" are used. Also, section 732, subsection 3, of the Civil Code of Practice, provides that each gender includes every gender. However, this rule is subject to the exception that a different intention may be expressed or be shown by the context. In the present case, the summons, sheriff's return, and the certificate of the doctor all tend to show that Drusie James, the incompetent, was the person intended. 50 C. J. 565, sec. 269, it is said:

"A return of service of process should give the name of the party served, or should designate him with such reasonable certainty as to leave no substantial doubt as to his identity, and should show that the service was made on the person to whom the service was directed; but strict accuracy is not required. The full name need not be given so long as the party served is sufficiently identified, and he need not be designated by name at all if he is described as the party named in the process, wherein his name is set forth."

It is our conclusion therefore, that Drusie James was properly before the court as provided in section 53 of the Civil Code of Practice.

It appears from argument of counsel in brief of appellant that he appeals only from the order of the court refusing to set aside the judgment on the ground that Drusie James was not properly before the court when the judgment was rendered. However, assuming that he is also appealing from the order of the court refusing to permit him to file his answer after he qualified as committee of the incompetent, but after judgment was

rendered, this ground is also unavailable. Had he qualified as such committee before judgment, a different question would have been presented. But the incompetent being properly before the court, and the court having jurisdiction of the person as well as the subject-matter, it was then too late for the committee to intervene after judgment was rendered. Barry v. Fain's Adm'r, 172 Ky. 308, 189 S. W. 220; Adams v. Gardner et al., 211 Ky. 246, 277 S. W. 284.

It follows that the judgment is correct, and must be, and is, affirmed.